RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ

EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

September 26, 2014

*By ECF*

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Rm. 1620
New York, New York 10007-1312

      Re:    *Betances, et al. v. Fischer, et al.*, No. 11-Civ-3200 (SAS)

Dear Judge Scheindlin:

      Pursuant to the Court's Individual Rule IV.A, plaintiffs submit this letter in advance of the pre-motion conference concerning class certification scheduled for October 7, 2014 at 3:00 p.m.

      Plaintiffs Betances, Barnes and Velez (the "Named Plaintiffs") bring this action under Fed. R. Civ. P. 23(b)(1)(A), (b)(2) and (b)(3) on behalf of all persons who were sentenced to prison in New York State for a fixed term that did not include a term of post-release supervision ("PRS"), but were nevertheless subjected to PRS and/or incarcerated for nothing more than a violation of PRS by defendants after the maximum expiration date of their determinate sentence(s) (the "Class").

      Class certification is appropriate where plaintiffs establish that the prerequisites of Rule 23(a) are satisfied, and that a class action may be maintained under one of the subsections of Rule 23(b).

      **A.**    **The Proposed Class Satisfies the Prerequisites of Rule 23(a).**

          **1.**    **Numerosity – Rule 23(a)(1)**

      Rule 23(a)(1) requires that the class sought to be certified be so numerous at to make joinder of all members impracticable. Numerosity can be presumed at a level of 40 members. *Consolidated Rail Corp.* v. *Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). There is no "magic number" for determining whether joinder is impracticable. *Ewh v. Monarch Wine Co., Inc.*, 73 F.R.D. 131, 132 (E.D.N.Y. 1977). Indeed, where it may be clearly concluded from reasonable

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

estimates that joinder would be impracticable, the ability to determine class size with precision is not necessary. *Deary v. Guardian Loan Company, Inc.*, 534 F. Supp. 1178, 1190 (S.D.N.Y. 1982). In this case, the proposed class consists of many hundreds of members and will almost certainly exceed 1,000. Plaintiffs are not required to demonstrate the exact number of class members. *See Robidoux v. Celini*, 987 F.2d 931 (2d Cir. 1993).

### 2. Common Questions of Law or Fact – Rule 23(a)(2)

All plaintiffs' claims and injuries derive from a unitary course of conduct: defendants' policy and practice of administratively imposing the maximum allowable sentence of PRS whenever PRS was not part of the sentence enumerated on the sentence and commitment order issued by a court (the "PRS Policy"). As this Court has recognized, "[t]he fact that the claims of the proposed class stem from the same alleged unconstitutional conduct of the defendants proves the existence of common questions of law or fact." *Daniels v. City of New York*, 198 F.R.D. 409, 417 (S.D.N.Y. 2001) (citations omitted).

Commonality requires only a "single common question" that unites the proposed class. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011); *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 155 (S.D.N.Y. 2010) ("A single common issue of law may be sufficient to satisfy the commonality requirement" where the common question is "at the core of the cause of action alleged." (internal citations and quotation marks omitted)); *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 276 (S.D.N.Y. 2008) (commonality requires "a common thread" that unites). Rule 23(a)(2) "does not require all questions of law or fact be common to the class," and, indeed, to so require "would be the death knell for class actions challenging" unconstitutional practices, an "unacceptable result." *Brown v. Kelly*, 244 F.R.D. 222, 230-31 (S.D.N.Y. 2007), *aff'd in pertinent part, rev'd on other grounds*, 609 F.3d 467 (2d Cir. 2010).

Among others, the questions of law and fact common to the Class are: (i) whether defendants enforced or failed to prevent the enforcement of the PRS Policy; (ii) whether the PRS Policy violates due process; (iii) whether defendants' actions were sufficiently wanton as to warrant the imposition of punitive damages; (iv) whether defendants are immune from suits for damages; and (v) the nature of equitable relief necessary to ameliorate the effects of the PRS Policy and protect the class from future harm. Indeed, legal issues that were raised and resolved as part of defendants' motions to dismiss remain common issues for purposes of class certification even though they are now the law of the case. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006) ("Even resolved questions continue to implicate the 'common nucleus of operative facts and issues' with which the predominance inquiry is concerned.").

The PRS Policy has resulted in the unconstitutional administrative imposition of PRS that has inhibited released prisoners in their day to day lives, and all too frequently, resulted in their unlawful re-incarceration for months and years. The claims and practices alleged in this complaint are common to all members of the Class.

### 3. Typicality – Rule 23(a)(3)

The claims of the class representatives must be "typical" of those of the class. *See Amchem Prods, Inc.* v. *Windsor*, 521 U.S. 591, 607 n.11 (1997) (quoting Rule 23(a)). A proposed class representative's claims are typical when they arise from the same general "course of events"

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

as those of the class and rely on "similar legal arguments." *Robinson* v. *Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001). When the same course of conduct affects both the named plaintiffs and the putative class, the typicality requirement is met even though the fact patterns underlying the individual claims may vary. *See, e.g.*, *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997); *Robidoux,* 987 F.2d at 936. The Named Plaintiffs are typical of the Class.

### 4.     Adequacy of Representation – Rule 23(a)(4)

Rule 23(a)(4) requires that class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[A]dequacy of representation entails inquiry as to whether: 1) plaintiff[s'] interests are antagonistic to the interest of other members of the class and 2) plaintiff[s'] attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). Both requirements are met here. The Named Plaintiffs are adequate representatives because they were subjected to the same unlawful conduct as the class members. *Hirschfeld v. Stone*, 193 F.R.D. 175, 183 (S.D.N.Y. 2000). Counsel competent and experienced in class action and civil rights litigation have been retained to represent the Class.

### B.     This Suit Qualifies as a Class Action under Rule 23(b)(1)(A), (b)(2) and (b)(3)

This case is appropriate for treatment as a class action under Rule 23(b)(1)(A) because the prosecution of separate actions creates the risk of inconsistent or varying adjudications, thus establishing incompatible standards of conduct for defendants.

This case should also be certified as under Rule 23(b)(2) because defendants have acted, or failed to act, on grounds generally applicable to the putative class, thereby making appropriate final injunctive relief in the form of an order directing defendants to disgorge the PRS fees they collected from class members.

Finally, this case is also appropriate for treatment as a damages class under Rule 23(b)(3) because common issues predominate over individual issues and a class action resolving the claims of this putative damages class is superior to any other method of fair and efficient adjudication. This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members is not only impracticable, but impossible given the often peripatetic nature of the members of the Class. The damages suffered by certain members of the Class, although substantial, are small in relation to the extraordinary expense and burden of individual litigation and therefore it is highly impractical for such Class members to attempt redress for damages incurred due to the illegal imposition of PRS. There will be no extraordinary difficulty in the management of this Class action.

            Respectfully submitted,

            /s
            Matthew D. Brinckerhoff
            Hayley Horowitz

c:  All Counsel (by ECF)