UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL BETANCES, LLOYD A. BARNES,
GABRIEL VELEZ a/k/a GABRIEL BELIZE,
Individually and on behalf of all others similarly
situated,

                   Plaintiffs

    -against-

BRIAN FISCHER, *et al.*,

                   Defendants.

No. 11 Civ. 3200 (RWL)

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
COMBINED MOTION *IN LIMINE***

**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

**TABLE OF CONTENTS**

**PAGE NO.**

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .....................................................................................1

ARGUMENT ..................................................................................................................1

I.  THE COURT REPEATEDLY REJECTED DEFENDANTS' ARGUMENTS ON
    LIABILITY, CLASS CERTIFICATION, AND NOMINAL DAMAGES; THOSE
    RULINGS SHOULD NOT BE REVISITED AT TRIAL ...................................2

    A. The Law of the Case Doctrine Prohibits Re-litigation at Trial of Long-Settled
       Issues of Law ..............................................................................................3

       1.    Defendants' Liability and the Element of Proximate Cause Were Decided
             in 2015 and Should Not Be Relitigated at Trial .................................4

       2.    Defendants Should Be Barred from Making Their Rejected Class
             Decertification Arguments Before the Jury ......................................6

       3.    Plaintiffs Are Entitled to Compensatory Damages for Lost Liberty;
             Defendants Should Not Be Permitted to Argue Otherwise at Trial .................7

    B. Evidence Relating to Defendants' Rejected Legal Arguments Has No Relevance to
       Any Material Dispute of Fact Remaining for the Class Damages Trial.......................8

II. TESTIMONY ABOUT "SENTENCE CALCULATION PROCEDURES" AND
    "RESENTENCING INITIATIVES" IS IRRELEVANT AND DISTRACTING; IT
    SHOULD BE EXCLUDED ...........................................................................11

III. EVIDENCE OF PLAINTIFFS' CRIMINAL HISTORY IS IRRELEVANT AND
     SHOULD BE EXCLUDED .........................................................................12

    A. Evidence of Plaintiffs' Prior Convictions is Irrelevant .................................12

    B. Rule 609 Precludes Evidence of Plaintiffs' Prior Convictions .....................................13

CONCLUSION ............................................................................................................14

<u>**TABLE OF AUTHORITIES**</u>

**PAGE NO.**

<u>**CASES**</u>

*Anderson v. Scanlon,*
    No. 14 Civ. 829, 2017 WL 3974994 (D. Conn. Sept. 8, 2017) ...............................................10

*Beastie Boys v. Monster Energy Co.,*
    983 F. Supp. 2d 354 (S.D.N.Y. 2014) ..................................................................................13

*Betances v. Fischer,*
    144 F. Supp. 3d 441 (S.D.N.Y. 2015) ................................................................................4, 9

*Betances v. Fischer,*
    304 F.R.D. 416 (S.D.N.Y. 2015) ...........................................................................................7

*Betances v. Fischer,*
    403 F. Supp. 3d 212 (S.D.N.Y. 2019) ...........................................................................passim

*Betances v. Fischer,*
    837 F.3d 162 (2d Cir. 2016) ..................................................................................................4

*Brown v. City of Syracuse,*
    673 F.3d 141 (2d Cir. 2012) ..................................................................................................3

*Disability Advocs., Inc. v. Paterson,*
    No. 03 Civ. 3209, 2009 WL 1312112 (E.D.N.Y. May 8, 2009) ............................................10

*Doe v. Lima,*
    No. 14 Civ. 2953, 2020 WL 728813 (S.D.N.Y. Feb. 13, 2020)............................................13

*Earley v. Murray,*
    451 F.3d 71 (2d Cir. 2006) ...............................................................................................9, 11

*EMI Music Mktg. v Avatar Recs., Inc.,*
    317 F. Supp. 2d 412 (S.D.N.Y. 2004) ...................................................................................4

*In re PCH Assocs.,*
    949 F.2d 585, 592 (2d Cir. 1991) ..........................................................................................3

*Jean-Laurent v. Hennessy,*
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) ...................................................................................8

*Kerman v. City of New York,*
    374 F.3d 93 (2d Cir. 2004) ...........................................................................................3, 5, 6, 7

*Lorillard Tobacco Co. v. Yazan's Service Plaza, Inc.*,
   No. 05 Civ. 70804, 2007 WL 1834714 (E.D. Mich. June 25, 2007) ......................................10

*Marfia v. T.C. Ziraat Bankasi*,
   100 F.3d 243 (2d Cir. 1996) ............................................................................................4

*Memphis Comm. School Dist. v. Stachura*,
   477 U.S. 299 (1986) ......................................................................................................6

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*,
   937 F. Supp. 276 (S.D.N.Y. 1996) ................................................................................4

*New York v. Adamowicz*,
   932 F. Supp. 2d 340 (E.D.N.Y. 2013) ...........................................................................4

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*,
   322 F.3d 147 (2d Cir. 2003) ............................................................................................3

*Ohio Six Ltd. v. Motel 6 Operating L.P.*,
   No. 11 Civ. 8102, 2013 WL 12125747 (C.D. Cal. Aug. 7, 2013)...................................10

*Palmiari v. Defaria*,
   88 F.3d 136 (2d Cir. 1996) ............................................................................................1

*Riley v. MEBA Pension Tr.*,
   586 F.2d 968 (2d Cir. 1978) ............................................................................................3

*Santoro v. Signature Const., Inc.*,
   No. 00 Civ 4595, 2002 WL 31059292 (S.D.N.Y. Sept. 16, 2002)...................................4

*Spin Master, Ltd. v. Zobmondo Ent., LLC*,
   No. 06 Civ. 3459, 2012 WL 8134012 (C.D. Cal. Apr. 27, 2012) ...................................10

*Watkins v. N.Y.C. Transit Auth.*,
   No. 16 Civ. 4161, 2020 WL 1888839 (S.D.N.Y. Apt. 16, 2020)...................................10

*Zinman v. Black & Decker (U.S.), Inc.*,
   983 F.2d 431 (2d Cir. 1993) ...........................................................................................13

## RULES

Fed. R. Evid. 401 ...................................................................................................passim

Fed. R. Evid. 402 ...................................................................................................passim

Fed. R. Evid. 403 ...................................................................................................passim

Fed. R. Evid. 609 ...................................................................................................passim

## PRELIMINARY STATEMENT

In order to keep the trial focused on the sole issue to be resolved at the upcoming class-wide damages trial—the amount of Plaintiffs' damages for lost liberty—Plaintiffs seek an *in limine* order excluding any evidence and argument concerning issues already decided by the Court, including Defendants' liability for Plaintiffs' lost liberty, the element of causation, and the requirement that damages cannot be nominal as a matter of law. Plaintiffs also move to exclude any evidence of the New York State Department of Correctional Services' ("DOCS") sentence calculation procedures and Plaintiffs' criminal history, which have no bearing on the issue of Plaintiffs' damages for lost liberty and are therefore irrelevant.

## ARGUMENT

Through the use of a motion *in limine*, a party can "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmiari v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (cleaned up). Here, an order excluding the evidence and arguments in question is warranted to ensure (1) that Defendants do not use the jury trial in this action to attempt to relitigate legal theories the Court has repeatedly rejected, distracting from the issues actually to be tried, thus confusing the jury and prejudicing Plaintiffs; (2) that Defendants do not distract the jury by introducing irrelevant testimony and evidence regarding DOCS's sentence calculation procedures; and (3) that Defendants do not introduce evidence of Plaintiffs' or Plaintiffs' witnesses' criminal convictions, which have no bearing on the only issue before the jury—the quantum of Plaintiffs' generalized damages for lost liberty.

Plaintiffs' motions *in limine*, while implicating other rules, turn largely on application of Federal Rules of Evidence 401, 402, 403, and 609. Rule 401 defines evidence as "relevant" if it is material evidence having "any tendency to make a fact more or less probable

than it would be without the evidence." Fed. R. Evid. 401(a). Under Rule 402, irrelevant evidence is not admissible. Fed. R. Evid. 402. Rule 403 authorizes a court to exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 609(a)(1) authorizes the use of a witness's felony convictions for impeachment purposes, while Rule 609(a)(2) allows admission of evidence of any crime where "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." However, under Rule 609(b), if more than ten years have passed since the "witness's conviction or release from confinement for it," evidence of that conviction is admissible only if its probative value substantially outweighs its prejudicial effect.

I.   THE COURT REPEATEDLY REJECTED DEFENDANTS' ARGUMENTS ON LIABILITY, CLASS CERTIFICATION, AND NOMINAL DAMAGES; THOSE RULINGS SHOULD NOT BE REVISITED AT TRIAL

As a threshold matter, Plaintiffs move *in limine* to preclude Defendants from relitigating at trial the issues of (1) Defendants' liability for Plaintiffs' injuries; (2) whether Defendants proximately caused Plaintiffs' loss of liberty; (3) whether the amount of general damages to compensate Plaintiffs for their loss of liberty can be determined on a class-wide basis; and (4) whether the incarcerated and PRS-only Plaintiffs' recovery should be limited to nominal damages. The Court has already rejected Defendants' arguments on each of these issues and the Court's rulings are the law of the case. Moreover, any evidence proffered by Defendants concerning Defendants' liability, proximate cause, class certification, or the availability of compensatory damages should be excluded because it is irrelevant under Rules 401 and 402, as well as confusing and misleading under Rule 403.

2

A.     **The Law of the Case Doctrine Prohibits Re-litigation at Trial of Long-Settled Issues of Law**

The law of the case doctrine applies in two ways to this case.

First, the district court law of the case doctrine applies to the many prior court rulings of this Court in this action. The district court law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) (cleaned up). The doctrine is grounded in the principle that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (cleaned up).

Second, the appellate court law of the case doctrine, sometimes called the "mandate rule," applies where a case has been decided by an appellate court and remanded. The mandate rule requires that the court to which a case is remanded after appeal "must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004) (cleaned up). The "mandate rule prevents relitigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (cleaned up). Furthermore, where the mandate limits the issues open for consideration on remand, the district court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand. *See Riley v. MEBA Pension Tr.*, 586 F.2d 968, 970-71 (2d Cir. 1978).

3

Over the decade since this case was filed, this Court and the Court of Appeals have repeatedly rejected Defendants' theories regarding Defendants' liability, Plaintiffs' class damages for lost liberty, and the availability of compensatory damages. The law of the case doctrine exists to protect Plaintiffs from having to go through the same exercise yet again. Evidence and argument on any of these theories should thus be precluded at trial. *See New York v. Adamowicz*, 932 F. Supp. 2d 340, 345-46 (E.D.N.Y. 2013) (adhering to the law of the case and prohibiting defendants from introducing at trial evidence in support of arguments the court previously rejected as a matter of law); *EMI Music Mktg. v Avatar Recs., Inc.*, 317 F. Supp. 2d 412, 444 (S.D.N.Y. 2004) (granting motion *in limine* to preclude introduction of evidence on issue already decided on summary judgment); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 285-86 (S.D.N.Y. 1996) (granting motion *in limine* to exclude evidence at trial where Court previously determined that no triable issue remained to which the evidence would be relevant, and such determination was the law of the case).[1]

### 1. Defendants' Liability and the Element of Proximate Cause Were Decided in 2015 and Should Not Be Relitigated at Trial

Defendants' liability was established as a matter of law when the Court granted Plaintiffs' motion for summary judgment in 2015. *Betances v. Fischer*, 144 F. Supp. 3d 441, 453-55 (S.D.N.Y. 2015) ("*Betances II*").[2] On appeal, the Second Circuit affirmed *Betances II*. *Betances v. Fischer*, 837 F.3d 162, 165 (2d Cir. 2016) ("*Betances III*"). As this Court later

---

[1]     *See also Santoro v. Signature Const., Inc.*, No. 00 Civ 4595, 2002 WL 31059292, at *3 (S.D.N.Y. Sept. 16, 2002) (noting that jury would receive instructions indicating that issues of liability and causation were previously decided on summary judgment).

[2]     Rulings by Judge Scheindlin remain the law of the case after the parties consented to Your Honor's jurisdiction for remaining proceedings in May 2018. *See Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 251 (2d Cir. 1996) (judge's ruling constitutes law of the case even after reassignment to subsequent judge); *Santoro*, 2002 WL 31059292, at *1, *3 (district judge's previous rulings constituted law of the case after reassignment to magistrate judge for trial on "the sole remaining issue of damages").

instructed, the Second Circuit in *Betances III* "did not leave open the possibility of relitigating whether Defendants can be held liable." *Betances v. Fischer*, 403 F. Supp. 3d 212, 234-35 (S.D.N.Y. 2019) ("*Betances IV*"). Defendants' liability for Plaintiffs' lost liberty is therefore the law of the case and will not be an issue before the jury at trial.

   In Defendants' recent *Daubert* papers and in briefing filed in support of their 2018 motion for summary judgment, Defendants claimed that "the Second Circuit left open the question of 'whether Defendants caused the damages resulting from any injuries to class members.'" *Betances IV*, 403 F. Supp. 3d at 234 (quoting Defendants' brief); *see also* Defs' *Daubert* Br., Dkt. 293, at 11 (arguing that "the issues of causation will require determination" at the class damages trial). Plaintiff countered that "Defendants' liability, as previously determined and affirmed, necessarily included a previous determination of causation," and characterized Defendants' argument as "an attempt to relitigate liability." *Betances IV*, 403 F. Supp. 3d at 234 (citing Plaintiffs' brief). The Court "agree[d] with Plaintiffs." *Id*. at 243-44; *see also Daubert* Opinion, Dkt. 296, at 9 (noting that Defendants' proposed rebuttal expert's opinions "evince Defendants' continue attempts to relitigate matters already decided against them").

   The Court did leave open the possibility that Defendants could contest whether they caused individual-specific injuries to a particular plaintiff, such as emotional or physical injuries, because such harms, unlike Plaintiffs' generalized damages for lost liberty, "may be due to the actions of others and therefore not attributable to Defendants." *Betances IV,* 403 F. Supp. 3d at 235; *see also Kerman*, 374 F.3d at 130 (noting that lost liberty is an "injury distinct from mental suffering or humiliation"). For example, the Court illustrated in *Betances IV* that some individual-specific damages, such as "a Plaintiff who suffered a beating by another inmate while incarcerated for a PRS violation," "would have to be resolved on an individual basis separately

from any class-wide determination." 403 F. Supp. 3d at 235 n.17. Individualized injuries like this do not necessarily result from an unlawful incarceration and therefore do not lend themselves to mass adjudication here. Thus, individual-specific damages will not be at issue at the class damages trial, and can only be decided in subsequent individual trials.

Plaintiffs' lost liberty, on the other hand, *is* "inherent in any unlawful detention and is compensable as 'general damages' for unlawful imprisonment *without the need for pleading or proof.*'" *Kerman*, 374 F.3d at 130 (emphasis added). Because Plaintiffs' "loss of liberty . . . is inseparable from the [unlawful] detention itself," *id.*, the Court already decided, as a matter of law, that Defendants proximately caused Plaintiffs' lost liberty when it granted Plaintiffs' motion for summary judgment on liability. Any other interpretation would undermine *Kerman*'s central holding that generalized damages for lost liberty are "presumed damages" designed to compensate for harms that are difficult to measure. *Id.* (citing *Memphis Comm. School Dist. v. Stachura*, 477 U.S. 299, 310-11 (1986)).

At the upcoming class damages trial, the jury will not be asked to decide whether Defendants are liable for Plaintiffs' lost liberty or whether Defendants' actions were the proximate cause of Plaintiffs' lost liberty. The Court already held that they were and those rulings are the law of the case. At trial, Defendants should be precluded from arguing issues concerning liability or causation or introducing evidence on those issues.

### 2.    Defendants Should Be Barred from Making Their Rejected Class Decertification Arguments Before the Jury

Defendants have also repeatedly argued against certification (and for decertification) of the Plaintiff class and insist that Plaintiffs' general damages for lost liberty either cannot be calculated, full stop, or could only be calculated "on a highly complicated and individualized basis." *Betances IV*, 403 F. Supp. 3d at 238 (cleaned up). The Court rejected these

arguments at least two times: first, when the Court granted Plaintiffs' motion for class

certification, *Betances v. Fischer*, 304 F.R.D. 416, 430-32 (S.D.N.Y. 2015) ("*Betances Class*

*Opinion*") (noting that "a jury may find that general damages for the loss of liberty inherent in

false imprisonment are warranted, and may be calculated on a class-wide basis"); and again

when the Court rejected Defendants' attempt to decertify the Plaintiff class, *Betances IV*, 403 F.

Supp. 3d at 236-39 (noting that "Defendants invoke the same argument they made in the

previous motion to decertify the class – each Plaintiff's case is too individualized for class-wide

determination of damages – and which Judge Scheindlin rejected.").

   "Any individualized damages can be dealt with after class-wide damages issues

are determined." *Id*. at 236. At the class damages trial, Defendants should be barred from

relitigating class certification or otherwise presenting evidence to the jury in support of their

argument that Plaintiffs' general damages for loss of liberty can only be calculated on an

individualized basis.

### 3.   Plaintiffs Are Entitled to Compensatory Damages for Lost Liberty; Defendants Should Not Be Permitted to Argue Otherwise at Trial

   Finally, the Court in *Betances IV* ruled that, as a matter of law, it is "unremarkable

that Incarcerated Plaintiffs are entitled to seek compensatory damages," and their recovery will

not be limited to nominal damages. 403 F. Supp. 3d at 230-31. Likewise, the Court held that the

PRS-Only plaintiffs also may recover compensatory damages "for the loss of freedom of

movement and dignity resulting from unlawful PRS." *Id*. at 231. Where, like here, "the plaintiff

was indisputably deprived of his liberty, and the conduct of the defendant responsible for the

deprivation was found to be unlawful, [the Second Circuit] has held that the plaintiff is entitled

to compensatory, not merely nominal, damages." *Kerman*, 374 F.3d at 124. Defendants should

be precluded from arguing at trial that the Incarcerated and PRS-Only Plaintiffs are entitled to

only nominal damages, as such an argument is contrary to the law of the case and binding

Second Circuit precedent.

**B.      Evidence Relating to Defendants' Rejected Legal Arguments Has No Relevance to Any Material Dispute of Fact Remaining for the Class Damages Trial**

Aside from the fact that Defendants' legal arguments detailed above have been

conclusively rejected by this Court and in some circumstances the Court of Appeals too, any

evidence proffered by Defendants in support of these arguments is immaterial to the only factual

issue to be decided at the class damages trial: "the class-wide daily damages value" for "each day

of incarceration" or PRS. *Betances IV*, 403 F. Supp. 3d at 238; *see also Jean-Laurent v.*

*Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) ("[T]he court's determination of what

constitutes 'relevant evidence' is guided by the nature of the claims and defenses in the cause of

action."). Thus, evidence that bears only on settled issues of law should be excluded not only

pursuant to the law of the case doctrine, but also because it is irrelevant under Rules 401 and

402, and because its potential to confuse or mislead the jury substantially outweighs any

conceivable probative value under Rule 403. For example, the Court should exclude the

following from the class damages trial:

>  (1)   Evidence about the lawfulness of or circumstances leading to Plaintiffs' incarceration prior to PRS;
>
>  (2)   Evidence about any Defendant or other State actor's interpretation of any ruling of any court regarding the constitutionality of the administrative imposition of PRS by DOCS;
>
>  (3)   Evidence about the legality of incarceration and PRS generally under New York or federal law;
>
>  (4)   Evidence about Defendants' or other State officials' duty to administer criminal sentences under New York law;

(5)   Evidence suggesting Plaintiffs' placement on PRS or re-incarceration for violating the terms of that PRS was lawful or administered with due process;

(6)   Evidence suggesting Plaintiffs were placed on PRS or re-incarcerated for violating the terms of that PRS as a result of their own behavior, or that Plaintiffs had their liberty reduced by their own actions, including through the agreement to a plea bargain or conviction in a court of law;

(7)   Evidence that Plaintiffs in any way agreed to serve a term of PRS or agreed to the PRS conditions they were subjected to;

(8)   Evidence that Plaintiffs' loss of liberty was the legitimate consequence of their own criminal conduct or actions;

(9)   Evidence that Plaintiffs were afforded a right to counsel and due process during their criminal trials, sentencing, or any administrative hearings; and

(10)  Evidence about whether any State or non-State actors other than Defendants caused Plaintiffs to be unlawfully placed on PRS or re-incarcerated for violating the terms of that PRS.[3]

This non-exhaustive list is drawn from the opinions, purported facts, and legal conclusions stated in the report of Defendants' proposed expert. *See generally* Bourland Decl., Dkt. 286, Ex. D. In the Court's recent Order resolving the parties' respective *Daubert* motions, the Court explained that assertions such as these "are at odds with Judge Scheindlin's decision granting summary judgment in favor of Plaintiffs on liability" and "will be of no help to the jury." *Daubert* Opinion at 9 (citing *Betances II*, 144 F. Supp. 3d at 454-55). Defendants should not be permitted to evade the Court's summary judgment and *Daubert* rulings by introducing this same evidence through lay witnesses or by making these same arguments to the jury through their counsel during opening statements or summation.

---

[3]     In the Joint Pretrial Order, Defendants list as a defense that "the actions of others, and not officials of DOCS or Parole, caused Plaintiff's damages." The Court already explicitly rejected Defendants' attempt to "reargue that they are not liable to the extent they made reasonable efforts to comply with *Earley* that were nevertheless impeded by other state actors." *Betances IV*, 403 F. Supp. 3d at 234. Defendants should not be allowed to sidestep the Court's prior rulings and relitigate this specific issue once again at trial.

If permitted an opportunity to once again relitigate and introduce at trial irrelevant evidence in support of their failed legal arguments, Defendants will both confuse the jury and waste time by improperly redefining or distracting from the sole issue remaining to be tried on a class basis: the amount of Plaintiffs' damages for lost liberty. *See Watkins v. N.Y.C. Transit Auth.*, No. 16 Civ. 4161, 2020 WL 1888839, at *10 (S.D.N.Y. Apt. 16, 2020)

(denying motion for new trial and concluding that evidence was properly excluded under Rule 403 because it would have distracted the jury with "issues that had already been resolved on summary judgment . . . and would have therefore prejudiced [defendant], in whose favor the [] issue had already been decided"); *Anderson v. Scanlon*, No. 14 Civ. 829, 2017 WL 3974994, at *5 (D. Conn. Sept. 8, 2017) (granting motion *in limine* under Rule 403 to exclude evidence relevant only to claims already resolved on summary judgment because it "runs the risk of confusing the jury").[4]

The class damages trial, "occurring nearly [ten] years after [Plaintiffs] filed this action, will resolve disputed issues of fact; it will not be an opportunity for Defendants to present additional or different evidence that was before the Court on [their] motion[s] for summary judgment on issues this [C]ourt already decided." *Disability Advocs., Inc. v. Paterson*, No. 03 Civ. 3209, 2009 WL 1312112, at *2 (E.D.N.Y. May 8, 2009) (granting plaintiff's motion *in limine* and barring the parties from "submit[ting] evidence at trial or post-trial briefing on any of

---

[4]      *See also Lorillard Tobacco Co. v. Yazan's Service Plaza, Inc.*, No. 05 Civ. 70804, 2007 WL 1834714, at *10 (E.D. Mich. June 25, 2007) (granting motion *in limine* under Rules 401 and 402 to exclude evidence regarding an issue already decided on summary judgment because "the amount of damages [was] the only issue left to be decided at trial"); *Ohio Six Ltd. v. Motel 6 Operating L.P.*, No. 11 Civ. 8102, 2013 WL 12125747, at *10 (C.D. Cal. Aug. 7, 2013) (granting motion *in limine* under Rule 403 to exclude evidence that would "invite the jury to reevaluate issues decided by the court at the summary judgment stage, and might ultimately result in the jury inappropriately circumventing the court's summary judgment order"); *Spin Master, Ltd. v. Zobmondo Ent., LLC*, No. 06 Civ. 3459, 2012 WL 8134012, at *14 (C.D. Cal. Apr. 27, 2012) (granting motion *in limine* under Rule 403 to exclude evidence that would "waste the jury's time" and "confuse the jury" because it was only relevant to an issue of law previously decided on summary judgment).

the issues resolved" on summary judgment). The Court should cabin the trial solely to the facts in dispute by ruling that the decided legal issues of Defendants' liability, proximate cause, and the availability of class-wide and compensatory damages are off-limits at the upcoming trial, and excluding all evidence that has no bearing on the issue of class damages for lost liberty.

## II.     TESTIMONY ABOUT "SENTENCE CALCULATION PROCEDURES" AND "RESENTENCING INITIATIVES" IS IRRELEVANT AND DISTRACTING; IT SHOULD BE EXCLUDED

Defendants should be specifically precluded from introducing any evidence—testimonial or otherwise—regarding any procedures DOCS had in place for calculating Plaintiffs' sentences. In the parties' Joint Pre-Trial Order, Defendants list Richard Desimone and Theresa Knapp-David as witnesses who will testify "as to DOCS' sentence calculation procedures at the times relevant to his lawsuit." In a footnote, Defendants also list eight "New York court personnel," including four state court judges, as potential witnesses Defendants may call to testify concerning the related and equally irrelevant subject of "PRS resentencing initiatives undertaken in conjunction with DOCS and Parole." Liability and causation have already been decided. *See infra* Section I(A)(1). This evidence is therefore irrelevant and should be excluded under Rule 401 and 402.

In its decision in *Betances III* affirming this Court's order granting summary judgment to Plaintiffs, the Second Circuit determined that all three Defendants failed to comply with *Earley*. 837 F.3d at 172. The Second Circuit highlighted that, as a result of Defendants' failure to comply with *Earley*, "DOCS continued to violate [*Earley*] prospectively, by entering statutorily-required PRS terms when sentence and commitment orders were silent." *Id*. at 168. Witness testimony about DOCS's sentence calculation procedures would serve only one purpose: to undermine this Court's and the Second Circuit's rulings that DOCS's administrative

11

imposition of PRS violated Plaintiffs' constitutional rights. Such testimony has no place in the upcoming class-wide damages trial.

The only live issue at the trial will be the amount of compensatory damages for Plaintiffs' lost liberty—an injury the Court already ruled Defendants caused as a matter of law. Any evidence of DOCS's sentence calculation procedures has no tendency to make any fact of consequence at the damages trial more or less probable. *See* Fed. R. Evid. 401. It should be excluded. *See* Fed. R. Evid. 402. Mr. Desimone, Ms. Knapp-David, or any other witnesses who intends to testify concerning DOCS's sentence calculation procedures should be precluded from doing so.

## III. EVIDENCE OF PLAINTIFFS' CRIMINAL HISTORY IS IRRELEVANT AND SHOULD BE EXCLUDED

Defendants should be precluded from introducing evidence of Plaintiffs' past convictions and criminal history under Federal Rules of Evidence 401, 403, and 609.

### A. Evidence of Plaintiffs' Prior Convictions is Irrelevant

Under Rule 401, evidence is "relevant" if it is material evidence having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Plaintiffs' prior convictions are immaterial to the jury's central task of determining class-wide damages for value for each day of incarceration. *Betances IV*, 403 F. Supp. 3d at 238. That Plaintiffs are a class of formerly incarcerated individuals is not in dispute and should not be litigated at trial. Even if Plaintiffs' prior convictions are considered material to the jury's determination, Rule 403 authorizes a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Here, Defendants should be precluded from introducing evidence of Plaintiffs' prior convictions and criminal history—which have no bearing on the narrow factual issue to be decided at trial—because the

evidence has the "potential for significant unfair prejudice by suggesting criminal propensity beyond mere character for untruthfulness." *Doe v. Lima*, No. 14 Civ. 2953, 2020 WL 728813, at *10 (S.D.N.Y. Feb. 13, 2020) (excluding evidence of plaintiff's criminal record, both as to the crimes committed and the facts underlying those offenses). The Court should preclude this evidence and allow the jury to focus on the narrow issue of damages to be decided.

### B.     Rule 609 Precludes Evidence of Plaintiffs' Prior Convictions

Defendants are unable to "clear the heightened balancing test . . . which applies to offenses as to which more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." *Lima,* 2020 WL 728813, at *6. Under Rule 609(b), evidence of such convictions as evidence of character for truthfulness is admissible only where: (a) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and (b) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. The Second Circuit has also recognized that old convictions should "be admitted very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (cleaned up).

Evidence of Plaintiffs' prior convictions and criminal history have no bearing on the sole issue to be determined at trial: calculating general damages for lost liberty. Given the jury's clear-cut role in this case, the introduction of evidence concerning past convictions and criminal histories would only serve to distract the jury from its central focus on damages, causing delay and confusion in the process. *See Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 358-59 (S.D.N.Y. 2014) (excluding introduction of evidence of prior bad acts, as it "would create a risk of unfair prejudice, confusion, and delay," diverting the jury's attention from the

"singular event" at issue). The potential prejudicial effect that Plaintiffs' prior bad acts would have on a jury dwarfs any probative value that Defendants can conjure up. *See* Rule 609, Advisory Committee Notes to 1972 Proposed Rules (approving view that character evidence "subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened"). The Court should preclude Defendants from introducing evidence that will shift the focus of the trial to Plaintiffs' collective criminal history—which is emphatically not at issue here—and away from the sole issue to be decided: Plaintiffs' generalized damages for lost liberty.

## CONCLUSION

For the foregoing reasons, Defendants should be precluded from relitigating settled issues of law and from introducing evidence of Plaintiffs' criminal history at trial. Plaintiffs' motions *in limine* should be granted.

Dated: May 12, 2021
New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

/s/
Matthew D. Brinckerhoff
Jonathan S. Abady
Earl S. Ward
Nick Bourland
Max Selver

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs*