UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL BETANCES, LLOYD A. BARNES,
GABRIEL VELEZ a/k/a GABRIEL BELIZE,
individually and on behalf of all others similarly
situated,

                       Plaintiffs

     -against-

BRIAN FISCHER, *et al.*,

                Defendants.

No. 11 Civ. 3200 (RWL)

## JOINT PROPOSED JURY INSTRUCTIONS

The parties, by and through their undersigned counsel, jointly submit the enclosed

proposed jury instructions pursuant to the Court's Individual Rule V(C)(1)(b).  The respective

parties' grounds for objections to specific instructions and proposed alternative instructions are

provided directly following the applicable instructions.  The parties respectfully reserve the right

to modify and make further requests for jury charges at the conclusion of trial, if warranted.

Dated:  May 17, 2021
     New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP


_____/s_____
Matthew D. Brinckerhoff
Jonathan S. Abady
Earl S. Ward
Nick Bourland
Max Selver


600 Fifth Avenue, 10th Floor
New York, New York 10020
Tel. (212) 763-5000

*Attorneys for Plaintiffs*

LETITIA JAMES
Attorney General for the State of New York


_____/s_____
Michael J. Keane
Rebecca A. Durden
Assistant Attorneys General

28 Liberty Street – 18th Floor
New York, New York 10005
Tel. (212) 415-8550

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

<u>PAGE NO.</u>

I.  JURY INSTRUCTIONS FOR THE BEGINNING OF TRIAL ........................................ 1

　　1.　ROLE OF THE JURY ....................................................................................... 1

　　2.　OPENING INSTRUCTIONS ........................................................................... 2

　　3.　ORDER OF TRIAL ......................................................................................... 5

　　4.　JUROR CONDUCT.......................................................................................... 6

　　5.　NOTE-TAKING—PERMITTED...................................................................... 8

II.  JURY INSTRUCTIONS FOR THE END OF TRIAL ........................................... 9

PART I: GENERAL INSTRUCTIONS ........................................................................ 9

　　1.　INTRODUCTION AND THE ROLE OF THE COURT ..................................... 9

　　2.　ROLE OF THE JURY ...................................................................................... 10

　　3.　OBJECTIONS AND SIDEBARS ..................................................................... 11

　　4.　WHAT IS AND WHAT IS NOT EVIDENCE.................................................... 12

　　5.　DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................ 13

　　6.　CREDIBILITY OF WITNESSES AND WEIGHT OF EVIDENCE.................. 14

　　7.　CREDIBILITY OF WITNESSES – IMPEACHMENT BY PRIOR
　　　　CRIMINAL CONVICTION.............................................................................. 15

　　8.　IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS ..................... 16

　　9.　STIPULATIONS ............................................................................................... 17

ADDITIONAL CHARGE PROPOSED BY DEFENDANTS .................................................... 18

I.  BURDEN OF PROOF
　　(DEFENDANTS' PROPOSAL)........................................................................... 18

II.  STATE OF NEW YORK NOT A DEFENDANT
　　(DEFENDANTS' PROPOSAL)........................................................................... 19

III.  JUDICIAL NOTICE (DEFENANTS' PROPOSAL)........................................... 20

i

PART II: SUBSTANTIVE LAW ............................................................. 21

    1.    GENERAL INTRODUCTION.......................................................... 21

PLAINTIFFS' PROPOSED INSTRUCTIONS............................................ 22

    2.    LIABILITY ALREADY DECIDED
        (PLAINTIFFS' PROPOSAL)............................................... 22

    3.    COMPENSATORY DAMAGES FOR LOSS OF LIBERTY
        (PLAINTIFFS' PROPOSAL)............................................... 23

DEFENDANTS' PROPOSED INSTRUCTIONS........................................ 25

SUBSTANTIVE LAW ...................................................................... 25

I.    42 U.S.C. SECTION 1983 (DEFENDANTS' PROPOSAL) ......................... 25

II.   PLAINTIFFS HAVE THE BURDEN OF PROVING EACH OF THE FOLLOWING
     PROPOSITIONS BY A PREPONDERANCE OF THE EVIDENCE
     (DEFENDANTS' PROPOSAL): ......................................................... 27

III.  ADDITIONAL SUBSTANTIVE CHARGE
     (DEFENDANTS' PROPOSAL)......................................................... 28

IV.  PROXIMATE CAUSE
     (DEFENDANTS' PROPOSAL)......................................................... 32

V.   CONSIDER DAMAGES ONLY IF NECESSARY
     (DEFENDANTS' PROPOSAL)......................................................... 35

VI.  NO COMPENSATORYDAMAGES FOR ABSTRACT RIGHTS
     (DEFENDANTS' PROPOSAL)......................................................... 36

VII. NOMINAL DAMAGES
     (DEFENDANTS' PROPOSAL)......................................................... 37

VIII. MULTIPLE CLAIMS – MULTIPLE DEFENDANTS
     (DEFENDANTS' PROPOSAL)......................................................... 38

IX.  MITIGATION OF DAMAGES
     (DEFENDANTS' PROPOSAL)......................................................... 39

X.   ADMINISTRATIVE RULES, REGULATIONS AND POLICIES
     (DEFENDANTS' PROPOSAL)......................................................... 40

PART III: CLOSING INSTRUCTIONS
(PLAINTIFFS' PROPOSAL)............................................................. 41

DEFENDANTS' PROPOSED ALTERNATIVE JURY CHARGE - DUTY
TO DELIBERATE – UNANIMOUS VERDICT ........................................................................ 43

ALL JURORS REQUIRED FOR DELIBERATION
(DEFENDANTS' PROPOSAL) ........................................................................................... 44

# I.    JURY INSTRUCTIONS FOR THE BEGINNING OF TRIAL

## 1.    ROLE OF THE JURY[1]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.  These instructions will help you understand what will be presented to you and how you should conduct yourself during the trial.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  I play no part in judging the facts.  You should not take anything I say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.  You must follow that law whether you agree with it or not.

---

[1]    O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions* § 101:01 (6th ed) (hereinafter "Federal Jury Practice"); Federal Jury Practice, Model Civil Jury Instructions for the District Courts of the Third Circuit § 1.1 (hereinafter "3d Cir. Gen. Instr.") (noting that "[t]his instruction is derived from the Bench Book for United States District Court Judges (Federal Judicial Center)").

2.     **OPENING INSTRUCTIONS**[2]

I will now explain some terms that you will hear me use during trial, which you may not have heard before.

The parties who have brought the lawsuit are called the Plaintiffs.  You may have heard the term "class action" before.  A class action is a lawsuit that has been brought by one or more Plaintiffs on behalf of a larger group of people who have similar claims.  All of these people together are called a "class."  In this case, Paul Betances, Lloyd Barnes, and Gabriel Belize are the Plaintiffs and brought this case on behalf of themselves and a class of people who have the same claims.[3]

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately.  Because there are many class members, not everyone in the class will testify.  You may assume that the evidence at this trial applies to all class members except as I specifically tell you otherwise.  All members of the class will be bound by the result of this trial.[4]

In this case, the class consists of "all persons who were sentenced to prison in New York State for a fixed term that did not include a term of post-release supervision, but who were nevertheless subjected to post-release supervision after the maximum expiration dates of their determinate sentences after" June 9, 2006.[5]

The parties being sued by the Plaintiffs are called the Defendants.  The Defendants in this case are Brian Fischer, Anthony Annucci, and Terence Tracy.  Defendants Fischer and Annucci are being sued for actions they took or failed to take as high-level officials in the New York State Department of Correctional Services, which I will refer to as "DOCS."  Defendant Tracy is being sued for actions he took or failed to take as a high-level official in the New York State Division of Parole, which I will refer to as "DOP."

You will sometimes hear me refer to "counsel" during the trial.  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When you render your verdict at the end of this trial, you will be deciding disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin to

---

[2]     Federal Jury Practice § 101:01; Judicial Council of California Civil Jury Instruction 115 (Feb. 2021 update) (specific opening instruction regarding class actions).

[3]     Defendants object and contend that, as to damages, Plaintiffs do not have the same claims, and that there should be no class-wide damages trial.

[4]     Defendants, as pointed out in their motions *in limine*, note that all members of the class cannot be bound, as a matter of law, by a judgment in a class action to which they have not been given notice.

[5]     *Betances v. Fischer*, 304 F.R.D. 416, 427 (S.D.N.Y. 2015) ("*Betances Class Opinion*").

deliberate at the end of the trial, I will give you detailed instructions on the law that you must follow and apply.

The court has already determined that each of the three Defendants deprived Plaintiffs of their due process rights.[6]  This means that Plaintiffs have already proven that each of the three Defendants is liable for violating Plaintiffs constitutional rights.[7]

Thus, you will <u>not</u> be deciding whether Defendants violated Plaintiffs' constitutional right to due process, because it has already been decided that they did.[8]  You also will not be deciding whether Plaintiffs should recover compensatory damages[9] for their injuries, because it has already been decided that they should.[10]  Instead, you will decide the amount of compensatory damages that will be awarded to Plaintiffs for each day of lost freedom or liberty caused by being unconstitutionally imprisoned and for each day of lost freedom or liberty caused by being subjected to the restrictions of post-release supervision.[11]  At the end of the trial, I will give you further instructions regarding what compensatory damages are and how to determine them.

---

[6]     *Betances v. Fischer*, 144 F. Supp. 3d 441, 453–455 (2015) ("*Betances II*").

[7]     Defendants object to this characterization of the due process violation and the liability finding.  <u>See</u> *Betances v. Fischer*, 837 F. 3d 162, 174 (2d Cir. 2016) (holding that the due process violation was not making objectively reasonable efforts to relieve Plaintiffs of PRS).  Plaintiffs respond that Plaintiffs' right to due process was violated when Defendants subjected them to a sentence imposed by DOCS instead of a Court.  The Second Circuit determined that sentences imposed by DOCS were a nullity in *Earley*. <u>The most efficient way to remedy the due process violation was for Defendants to simply stop enforcing their own extra-judicial sentences.</u>

[8]     *See Guzman v. City of Chicago*, 689 F.3d 740, 745 (7th Cir. 2012) (remanding for new trial after district court erroneously instructed the jury on liability during a damages-only trial).

[9]     Defendants object to this instruction to the extent that it asserts that compensatory damages must be awarded, and that there is no issue as to causation or that there is not to be an instruction as to nominal damages.  *Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) does not hold as Plaintiffs assert, as instead it holds that "a finding that the plaintiff has been deprived of liberty… without [due process]" does not "automatically entitle him to a substantial award of damages," and the jury must be instructed that had the adverse action been taken even if Defendants had performed their duty, then the plaintiff is not entitled to compensatory damages and is only entitled to nominal damages.

[10]    *See Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) ("[W]here the Plaintiff was indisputably deprived of his liberty, and the conduct of the Defendant responsible for the deprivation was found to be unlawful, we have held that the Plaintiff is entitled to compensatory, not merely nominal, damages."); *Betances v. Fischer*, 403 F. Supp. 3d 212, 231 (S.D.N.Y. 2019) ("*Betances IV*").

[11]    Defendants object to this instruction in its entirety, as it misrepresents the law as to the nature of the due process violation and as to the issues of damages and causation to be tried.

Because you will be asked to decide the facts of the case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyer's closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason and you should not draw any inferences or conclusions from the question.  When you hear that I have "overruled" and objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement, or the particular exhibit, may be considered by you in making the decisions you must make at the end of the case.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers about questions of law or procedure without you hearing our conversation. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even if the case may seem to go slowly.

3.    **ORDER OF TRIAL**[12]

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, the Plaintiffs will present evidence in support of Plaintiffs' damages and the Defendants' lawyer may cross-examine the witnesses.  At the conclusion of the Plaintiffs' case, the Defendants may introduce evidence and the Plaintiffs' lawyers may cross-examine the witnesses.  The Defendants are not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

---

[12]    Federal Jury Practice § 101:02.

4.    **JUROR CONDUCT**[13]

Now, a few words about your own conduct as jurors.

I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss this case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones and other tools of technology to access the internet and communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your devices, or use them to communicate electronically by messages or postings of any kind, including e-mail, text messages, text or instant messaging services or through any blog, website, internet chat room or by any other social networking websites or services.

I understand that it is a normal human tendency to want to talk with people; however, during the time you serve on this jury, please do not speak with any of the parties, their lawyers or any of the witnesses, whether in or out of the courtroom. By this I mean do not speak with them at all, whether about the case or even to pass the time of day. There is no other way for the parties to be assured of the absolute impartiality that they are entitled to expect from you as jurors.

The lawyers are not allowed to speak with you during this case. When you see the lawyers during a recess, or pass them in the halls and they do not speak to you, or smile or otherwise acknowledge you, they are not being rude or unfriendly; they are simply following the law.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

Again, in fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions on the law. You will then be permitted to discuss your views with other jurors as you deliberate.

Since you will be deciding this case solely on the evidence received, along with my instructions on the law, you must not make any independent investigation of the facts or the law.

- Do not research any information that you personally think might be helpful to you in understanding the issues presented.

---

[13]    Third Cir. Gen. Instr. §1.3; Seventh Cir. Gen. Instr. §1.01.

- Do not investigate this case on your own in any manner, shape or form.

- Do not read any newspaper reports or listen to any news reports on radio, television or on the Internet.

- Do not visit any of the places that you hear about during the trial—including on the internet.

- Do not conduct experiments.

- Do not consult dictionaries, computers, websites, or other reference materials for additional information.

- Do not seek information regarding public records about any party, witness or lawyer in this case. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties would not have the opportunity to refute, explain, or correct it.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me. If jurors do not comply with these rules, it would result in a new trial involving additional time and significant expense to the parties and the taxpayers.[14]

---

[14]    Federal Jury Practice § 101:12.

5.        **NOTE-TAKING−PERMITTED**[15]

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes and should instead rely upon your own recollection of the evidence.

A word of caution is in order. You must not allow your notetaking to distract you from the proceedings. Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and is not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, your notes are only a tool to aid your own individual memory.  You may not compare your notes with other jurors' notes in recalling the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory is your greatest asset when it comes time to deciding this case. If at any time during deliberations you want to hear any portion of the testimony read back to you, or you want to look at a piece of evidence, you simply need to ask.

---

[15]        Federal Jury Practice § 101:15.

## II.      JURY INSTRUCTIONS FOR THE END OF TRIAL

### PART I: GENERAL INSTRUCTIONS

### 1.      <u>INTRODUCTION AND THE ROLE OF THE COURT</u>

You have now seen and heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  Now I will instruct you on the law.

Let me start by once again defining our respective roles as judge and jury. My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

Your duty is to apply the law as I give it to you.  You must follow these instructions even if you disagree with them or if any attorney has stated a legal principle differently from what I tell you.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

2.    <u>**ROLE OF THE JURY**</u>[16]

As I have stated before, you are the sole and exclusive judges of the facts. You look at the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your role as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said or what I may say in these instructions -- about a fact or item in evidence. You should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed be struck from the record. Do not consider any of those answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

---

[16]    3 L. Sand, *et al.*, Modern Federal Jury Instructions ("*Modern Federal Jury Instructions*") § 71-3.

### 3. <u>**OBJECTIONS AND SIDEBARS**</u>[17]

Since it is your job to find the facts, do not allow my conduct, or the conduct of the attorneys, to govern how you decide the facts of the case. For example, it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

Finally, the personalities and the conduct of counsel are not in any way in issue. If you formed opinions of any kind about the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

---

[17]    Modified from *Federal Jury Practice* § 103:01 and *Modern Federal Jury Instructions* §§ 71-2, 71-3.

4.    <u>**WHAT IS AND WHAT IS NOT EVIDENCE**</u>[18]

In reaching a verdict, you must consider only the evidence you have seen and heard in this courtroom. As I instructed you at the beginning of this trial, you are not to conduct any outside research on the issues in this case. That means that you should not read any news articles, reports, online publications, social media content, or any other external source which discusses this case. The only evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

If certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given. Similarly, certain redactions, or deletions have been made in some of the documents. You should draw no adverse inference from either party because of these redactions or deletions nor should you speculate about why they have been redacted.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

---

[18]    Modified from *Modern Federal Jury Instructions* § 74-1.

5.      **DIRECT AND CIRCUMSTANTIAL EVIDENCE**[19]

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of their own senses—something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence, or its contents. The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts.

There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence, but simply requires that your verdict must be based on all the evidence presented.

---

[19]      *Modern Federal Jury Instructions* § 74-2.

6.    **CREDIBILITY OF WITNESSES AND WEIGHT OF EVIDENCE**[20]

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you?  How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

---

[20]    Modified from *Modern Federal Jury Instructions* §§ 76-1, 76-2.

7.    **CREDIBILITY OF WITNESSES – IMPEACHMENT BY PRIOR CRIMINAL CONVICTION**[21]

*[If Applicable]*

You have heard the testimony of a witness who was previously convicted of a crime punishable by more than one year in prison.  This prior conviction was put into evidence only for you to consider it in evaluating the witness's credibility.  You may consider the witness's prior conviction in deciding how much of his or her testimony to accept and what weight, if any, it should be given.

In this case, you may also consider plaintiff's prior convictions to the limited extent that they may be relevant to any damages you may determine plaintiff is entitled to.  That is, you may determine to what extent plaintiff's prior arrests and incarceration may have affected his experience of being arrested and detained and what damages he may be entitled to if you find that he has prevailed on his claims.

You may not consider the witness's prior conviction for any other purpose.

---

[21]    Modern Federal Jury Instructions § 76-6.

### 8.    IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS[22]

*[If Applicable]*

You may have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

That evidence of a prior inconsistent statement was placed before you to decide whether to believe the trial testimony of the witness who contradicted him or herself. If you find that the witness made an earlier statement that conflicts with their trial testimony, you may consider that fact in deciding how much of their trial testimony, if any, to believe, as well as in deciding what weight to give that testimony.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

---

[22]    *Modern Federal Jury Instructions* § 76-5.

9.    **STIPULATIONS**[23]

Over the course of the trial the parties have read certain Stipulations of Fact.

This means that the parties have agreed that these facts are true. You must therefore treat these facts as having been proved for the purposes of this case.

---

[23]    Third Circuit Model Instruction 2.4 (General Instructions For Use During Trial — Stipulation of Fact); Seventh Circuit Model Instruction 2.05 (Stipulations of Fact). *See Dancy, et ano. v. McGinley*, 11 Civ. 7952 (LMS) (S.D.N.Y. Dec. 4, 2014), *aff'd in part, rev'd in part on other grounds*, 843 F.3d 93 (2d Cir. 2016); *United States v. Rafferty*, 2014 U.S. Dist. LEXIS 191184, *6 (N.D.N.Y. Nov. 26, 2014) ("In this case, the parties entered into a stipulation regarding the nexus element. For the jury's purposes, a stipulation between the parties amounts to an agreement that a certain fact is true")).

**ADDITIONAL CHARGE PROPOSED BY DEFENDANTS**

**I.     BURDEN OF PROOF**[24]
**(DEFENDANTS' PROPOSAL)**

As this is a civil case, the plaintiffs have the burden of proving their claim related to specific injuries, and the amount of any damages, by a preponderance of the evidence. This means that the plaintiffs must prove by a preponderance of the evidence each and every disputed element of his claim with respect to each defendant. If you find that the plaintiffs have failed to establish their claim by a preponderance of the evidence, you must decide against them.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence. One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." This is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.[25]

---

[24] 4 Sand, et al., *Modern Federal Jury Instructions (Civil),* Instr. 73-1

[25] Plaintiffs object to this instruction in its entirety because it has already been established as a matter of law that Plaintiffs are entitled to non-nominal damages. Because the only question for the jury is the quantum of non-nominal damages, any instruction on burden will only cause confusion. Notwithstanding Plaintiffs' objection, if the Court determines that a burden instruction is warranted, it should be modified to refer solely to the burden to prove the amount of non-nominal damages. For example, references to "the burden of proving the claim" and "must prove by a preponderance of the evidence each and every disputed element of his claim with respect to each defendant," should be omitted.

II.     **STATE OF NEW YORK NOT A DEFENDANT**[26]
        **(DEFENDANTS' PROPOSAL)**

You must remember that the Defendants in this case are individuals: The State of New York is not on trial. There is no claim here against New York State, the New York State Department of Correctional Services ("DOCS"), or the New York State Division of Parole ("Parole"). Defendants are being sued by Plaintiffs in their individual capacities. In order to find for Plaintiffs with respect to any Defendant, you must find, by a preponderance of the credible evidence, that the Defendant that you are deliberating about proximately caused Plaintiffs' damages.[27]

---

[26] Will v. Michigan Dept. of State Police, 491 U. S. 58 (1989).

[27] Plaintiffs object to this instruction in its entirety because the Court has already determined that Defendants proximately caused Plaintiffs' lost liberty damages, meaning proximate cause is not at issue at this trial. *See* Pl. Mot. Limine, ECF No. 306, at 4-6; *Betances IV*, 403 F. Supp. 3d at 234-35 (explaining that the Second Circuit "did not leave open the possibility of relitigating whether Defendants can be held liable" and "identifies damages as the only matter left to be determined on remand"). The fact that the State of New York is not a Defendant is irrelevant to the only issue to be determined at this trial—the appropriate compensatory damages for Plaintiffs' lost liberty. Moreover, the proposed charge is also misleading because it implies that Defendants will be required to pay any judgment personally even though the State will fully indemnify them. If the Court were to decide that this charge it appropriate, there should be a charge that informs the jury that Defendants will be fully indemnified by the State.

**III.    JUDICIAL NOTICE (DEFENDANTS' PROPOSAL)**

### _[If Applicable]_

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

Authority: 4 Sand, et al., _Modern Federal Jury Instructions (Civil)_, Instr. 74-3

## PART II: SUBSTANTIVE LAW

### 1.    GENERAL INTRODUCTION[28]

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

[28]    Federal Jury Practice § 103:01.

**PLAINTIFFS' PROPOSED INSTRUCTIONS**[29]

    **2.**      **LIABILITY ALREADY DECIDED**[30]
          **(PLAINTIFFS' PROPOSAL)**

        As I explained at the beginning of the trial, the court has already determined that each of the three Defendants deprived Plaintiffs of their due process rights.[31]  This means that Plaintiffs have already proven that each of the three Defendants is liable for their violation of Plaintiffs constitutional right to due process.

        Thus, you will <u>not</u> be deciding whether Defendants violated Plaintiffs' constitutional right to due process, because it has already been decided that they did.[32]  You also will not be deciding whether Plaintiffs should recover compensatory damages for their injuries, because it has already been decided that they should.[33]  Instead, you will be deciding the amount of compensatory damages that will be awarded to Plaintiffs.[34]

---

[29]    Because the parties' remaining proposed instructions differ in their entirety, Plaintiffs and Defendants set forth their remaining Substantive Law Instructions under separate headings in this section of the document and note their objections to each others' proposals in footnotes.

[30]    *See* Jury Charge, Dkt. 184, *Jennings v. City of New York*, No. 14 Civ. 6377 (E.D.N.Y. Apr. 3, 2019) (jury charge adopted by the court in a Section 1983 trial on damages only).

[31]    *Betances v. Fischer*, 144 F. Supp. 3d 441, 453–455 (2015) ("*Betances II*").

[32]    *See Guzman v. City of Chicago*, 689 F.3d 740, 745 (7th Cir. 2012) (remanding for new trial after district court erroneously instructed the jury on liability during a damages-only trial).

[33]    *See Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) ("[W]here the Plaintiff was indisputably deprived of his liberty, and the conduct of the Defendant responsible for the deprivation was found to be unlawful, we have held that the Plaintiff is entitled to compensatory, not merely nominal, damages."); *Betances v. Fischer*, 403 F. Supp. 3d 212, 231 (S.D.N.Y. 2019) ("*Betances IV*").  Defendants object for the same reasons as indicated in footnotes 7, 9 and 11 above.

[34]    Defendants object to this Charge in its entirety as it mischaracterizes the due process violation as articulated by the Second Circuit in *Betances v. Fischer*, 837 F. 3d 162, 174 (2d Cir. 2016), and does not take into account that defendants are only liable for the injuries they proximately caused.  Defendants propose an entirely different instruction for #2, "Liability Already Decided."

### 3.    COMPENSATORY DAMAGES FOR LOSS OF LIBERTY[35] (PLAINTIFFS' PROPOSAL)

With those preliminary matters in mind, I will now instruct you with respect to determining how much in damages to award.

You must[36] award Plaintiffs a sum of money that you believe will provide fair and just compensation for the loss of freedom or liberty Plaintiffs experienced as a result of Defendants' violation of Plaintiffs' constitutional rights.  These are known as "compensatory damages."

Compensatory damages seek to make the Plaintiffs whole—that is, to compensate them for the damages suffered.  In this case, you are only being asked to determine the amount of one specific type of compensatory damages: compensatory damages for Plaintiffs' lost freedom or liberty.  This refers to the intrinsic or inseparable value of the liberty or freedom Plaintiffs lost while they were subject to unlawful PRS and then imprisoned for violating that PRS.

Here, Plaintiffs are entitled to a significant amount of compensatory damages for lost liberty as a matter of law.  That means the court has already determined that Plaintiffs are owed an amount of compensatory damages for lost liberty that is not nominal.  Therefore, the question for you as the finders of fact is not *whether* Plaintiffs must receive significant compensation for lost liberty but *how much* that should be.

Specifically, you will make two factual determinations.

First, you shall determine the amount of money needed to provide fair and just compensation for one day of lost liberty caused by being unconstitutionally subjected to the restrictions of post-release supervision, which includes a curfew which prohibited Plaintiffs from being anywhere except in their homes from evening to morning every day; restrictions on travel out of New York State; mandatory home and work visits by parole officers; mandatory personal and home searches by parole officers; notice requirements for proposed changes in employment or residence; prohibitions on being in the company of any person with a criminal record; restrictions on purchasing a firearm; restrictions on possessing drug paraphernalia; required weekly meeting with a parole officer; random drug testing during home or work visits by parole officers; a requirement to find and maintain employment; and Plaintiffs were not allowed to vote.

---

[35]    Sands, Siffert, Loughlin, Reiss & Batterman, *Modern Federal Jury Instructions*, 87-87 (2016); Federal Civil Jury Instructions for the Seventh Circuit § 7.23; N.Y. Pattern Jury Instr.—Civil 2:320 (3d ed.); N.Y. Pattern Jury Instr.-- Damages 3:20 (3d ed.); Third Circuit Model Civil Instruction § 4.8.1; *Kerman v. City of N.Y.*, 374 F.3d 93, 124–33 (2d Cir. 2004); *Betances IV*, 403 F. Supp. 3d at 230-32; Jury Charge, Dkt. 184, *Jennings v. City of New York*, No. 14 Civ. 6377 (E.D.N.Y. Apr. 3, 2019) (jury charge adopted by the court in a Section 1983 trial on damages only).

[36]    Defendants object to "must" as the case law does not support such a charge in this case, and is a misreading of *Kerman v. City of N.Y.*, 374 F.3d 93, 124–33 (2d Cir. 2004).  Defendants will propose an entirely different instruction for this section, #3, "Compensatory Damages" to include an instruction on nominal damages.

Second, you shall determine the amount of money needed to provide fair and just compensation for one day of lost liberty caused by being unconstitutionally imprisoned.

In order to explain to you what compensatory damages for lost liberty are, I will first tell you what they are not. Compensatory damages for lost liberty do not include whatever unique damages may exist to compensate for the individually experienced pain and suffering caused by being unlawfully imprisoned or subjected to the restrictions of PRS. Accordingly, you shall not consider any individual Plaintiff's unique emotional, mental, or physical harm when determining the amount of compensatory damages for lost liberty or freedom. Similarly, compensatory damages for lost liberty do not include whatever unique economic damages may exist to compensate any individual Plaintiff for any lost earnings, wages, or other financial losses that may have been caused by being unlawfully imprisoned or subjected to the restrictions of PRS. Accordingly, you shall not consider any individual Plaintiff's particular financial losses when determining the amount of compensatory damages to award Plaintiffs for their lost liberty.

It is not easy to calculate the intrinsic value of lost liberty other than to acknowledge that it is significant. I remind you that although computing this type of damages may be difficult, the law does not require a plaintiff to prove the amount of his or her compensatory damages with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit. Your determination can be guided by your common sense and by the principle that each person's liberty has value, no matter what his or her individual experience is. It is your obligation as the finders of fact to make a subjective determination, as best as you are able, the damages for the loss of liberty Plaintiffs experienced as a result of Defendants' actions.

**Defendants object to Plaintiff's Charge on Compensatory Damages as it does not fully set forth what the Jury is required to consider. In addition, Defendants' object to the term "significant damages" throughout the Charge in an attempt to maximize damages. Defendants' charge, however, modifies the charge proposed by Plaintiffs.**

**Plaintiffs respond that damages for loss of liberty cannot be nominal as a matter of law. The most accurate antonym for nominal is significant. Because significant means non-nominal, it is the correct word to use based on *Kerman v. City of New York.***

**DEFENDANTS' PROPOSED INSTRUCTIONS**

**SUBSTANTIVE LAW**

I will now instruct you on the substantive law to be applied to this case.[37]

## I.    42 U.S.C. SECTION 1983[38]
## (DEFENDANTS' PROPOSAL)

Plaintiffs assert their claims against Defendants under Section 1983 of Title 42 of the United States Code which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes

In order to prove Plaintiffs claims under this statute, Plaintiffs must establish by a preponderance of the evidence several elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

---

[37]    Defendants request that the Court provide the jury with a statement regarding the background of the case, including, but not limited to certain stipulated facts, given the complexity of the issues at trial.

[38]    5-87 Modern Federal Jury Instructions-Civil P 87.03, Instruction 8766 87-66; 5-87 Modern Federal Jury Instructions-Civil P 87.03, Instruction 8768 87-68.

In this case, the only element that is relevant to trial is whether Defendants proximately caused Plaintiffs any injury that gives rise to the damages they claim, and if so, what damages. This is a question of fact for you, the jury, to decide. I have already instructed you on how to determine issues of fact.[39]

---

[39] Plaintiffs object to this instruction in its entirety because the Court has already determined that Defendants are liable for violating Plaintiffs' constitutional rights. *Betances IV*, 403 F. Supp. 3d at 234-35. This instruction is also improper because the Court has also already determined that Plaintiffs are entitled to compensatory damages for lost liberty; the only issue for trial is the amount of those damages. *See Betances IV*, 403 F. Supp. 3d at 230-31; *see also* Pl. Mot. Limine at 7-8.

II.    **PLAINTIFFS HAVE THE BURDEN OF PROVING EACH OF THE FOLLOWING PROPOSITIONS BY A PREPONDERANCE OF THE EVIDENCE[40] (DEFENDANTS' PROPOSAL):**

1.    Defendants' conduct proximately caused harm to Plaintiffs.

2.    And what harm, if any, Defendants proximately caused.

If you find that Plaintiffs have proved, by a preponderance of the evidence, that they suffered injuries giving rise to damages proximately caused by Defendants, then you may award damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these elements by a preponderance of the evidence, then you should not award any damages, and you will not consider damages any further.[41]

---

[40] 5-87 Modern Federal Jury Instructions-Civil P 87.03, Instruction 8778; Pattern Fed. Civ. Jury Instr. 7th Cir., § 7.15, Kalwaskinski v. Artuz, 2003 U.S. Dist. LEXIS 22731, (02 Civ 2582) (Dec. 18, 2003) (Sand, J.)

[41] Plaintiffs object to this instruction in its entirety because the Court has already determined that Defendants proximately caused Plaintiffs' lost liberty damages, meaning proximate cause is not at issue at this trial. *See* Pl. Mot. Limine, ECF No. 306, at 4-6; *Betances IV*, 403 F. Supp. 3d at 234-35 (explaining that the Second Circuit "did not leave open the possibility of relitigating whether Defendants can be held liable" and "identifies damages as the only matter left to be determined on remand"). Plaintiffs also object to this instruction on the grounds that, by instructing the jury to determine "what harm, *if any*, Defendants proximately caused," Defendants suggest the jury can find that Defendants did not cause any harm. This is incorrect. The Court has also already determined that Plaintiffs are entitled to compensatory damages— more than nominal damages—for lost liberty; the only issue for trial is the amount of those damages. *Betances IV*, 403 F. Supp. 3d at 230-31; *see also* Pl. Mot. Limine at 7-8.

III.       **ADDITIONAL SUBSTANTIVE CHARGE**
           **(DEFENDANTS' PROPOSAL)**

This is a trial that arises out of something called post-release supervision, which is often abbreviated as "PRS" and which was first introduced in 1998 in New York State as a form of parole supervision.  PRS was enacted by the New York State Legislature through "Jenna's Law," a part of New York State's criminal code, and required mandatory criminal sentences that included "fixed" or "determinate" terms of incarceration, followed by "fixed" terms of parole, which were given a new name – PRS – for individuals convicted of certain violent felonies.

Jenna's Law specifically provided that "each determinate sentence also includes, as a part thereof, an additional period of" PRS.[42]

Before this change in the law in 1998, release from prison to parole was granted by the New York State Board of Parole to prison inmates whose conduct and criminal history made them eligible to serve the rest of their prison sentences outside of prison in the community.  Parole release would be granted only on condition that the individual released on parole would follow certain conditions of parole set by the Board of Parole and the individual's parole officer.

Courts were not involved in granting or revoking or imposing conditions of parole at that time.  Parole was granted by the New York State Board of Parole, and administered by the New York State Division of Parole.  In 1998, Jenna's Law changed that system of discretionary parole granted by the Board of Parole to a system that required certain convicted felons, including the Plaintiffs in this case, to serve fixed terms of a prison sentence, and then fixed terms of parole, called PRS, and both terms together constituted their criminal sentence.

Between 1998 and 2006, courts, court administrators, district attorneys, lawyers for criminal defendants, as well as State of New York administrators considered the statute to impose PRS automatically – PRS was an "automatic consequence" of a conviction.[43]  Jenna's Law did not require, and there was no established practice that a judge impose the term of PRS at sentencing or any other time.[44]

During that time, after a criminal defendant was convicted of a crime requiring a sentence to prison and to PRS, many judges at sentencing did not state on the record in open court the PRS term Penal Law § 70.45 required as part of the sentence imposed.

---

[42] See New York Penal Law § 70.45.

[43] See Gastelu v. Breslin, No. 03-cv-1339, 2005 WL 2271933 (E.D.N.Y., September 12, 2005); People v. Catu, 4 N.Y.3d 242, 244 (2005); Deal v. Goord, 8 A.D.3d 769 (3rd Dep't 2004); see also Scott v. Fischer, 616 F.3d 100, 103 (2d Cir. 2010).

[44] Betances v. Fischer, No. 11-cv-3200, 2021 WL 1534159 (S.D.N.Y. February 23, 2021); Hassell v. Fischer, 879 F.3d 41 (2d Cir. 2018); Reyes v. Fischer, 934 F. 3d 97 (2nd Cir. 2019); Scott v. Fischer, 616 F.3d 100, 103 (2d Cir. 2010); People v. Rogers, 2008 N.Y. Slip Op. 52313(U), at *2 (Sup. Ct. Kings County 2008).

Also during that time, upon intake to state prison after sentencing, DOCS administrators responsible for incarceration and parole calculated PRS terms into sentences consistent with the practice that PRS was automatic.[45]

Plaintiffs here are individuals whose sentencing courts did not pronounce a term of PRS at sentencing, and whose sentences were calculated by DOCS to include PRS when they entered State prison.

The law holds that individuals subject to Jenna's Law are presumed to know that they would have a term of PRS, and that their sentences would be illegal without such a term.[46]

Even though PRS was originally considered automatic under Jenna's Law, the federal Court of Appeals for the Second Circuit decided a case called Earley v. Murray that held a criminal defendant had a right under the Due Process Clause of the 14th Amendment to the United States Constitution to have judges state the PRS term, but that the remedy for PRS that was not pronounced by a judge could be resentencing to include a term of PRS.[47]

This lawsuit is brought by prison inmates and parolees who served PRS either incarcerated in DOCS or on parole supervision by the Division of Parole after Earley – that is, after August 31, 2006 – in violation of their due process rights to prompt referrals to courts and district attorneys to resentence Plaintiffs.

All of the Plaintiff witnesses in this action – Paul Betances, Lloyd Barnes, Gabriel Belize and Shawn Smith were sentenced in their State criminal courts before 2006, and entered State prison before 2006, and had PRS calculated into their sentences before 2006 (Lloyd Barnes in 2000, Gabriel Belize in 2001, Paul Betances in 2004, and Shawn Smith in 2000). Three of the Plaintiff witnesses in this action began to serve their PRS before 2006 (Lloyd Barnes in 2004, Gabriel Belize in 2004, and Shawn Smith in 2005), and Paul Betances started to serve PRS on July 10, 2008, but served PRS only until July 29, 2008.

As I informed you previously, the three Defendants in this action include Brian Fischer, who was the Commissioner of DOCS beginning in 2007, Anthony J. Annucci, who was Executive Deputy Commissioner of DOCS at the times relevant to this trial, and Terrence Tracy, who was Chief Counsel to the Division of Parole at the times relevant to this trial.

In this lawsuit, the Defendants have already been found liable to all members of this class of Plaintiffs for not having taken reasonable and prompt steps, after August 31, 2006, to attempt to send the class members back to State courts to correct the omission of PRS terms by judges at Plaintiffs' sentencings. This Court found that the Defendants' failures to take reasonable and prompt steps to urge resentencings violated Plaintiffs' due process rights.[48]

---

[45] Betances v. Fischer, No. 11-cv-3200, 2021 WL 1534159 (S.D.N.Y. February 23, 2021).

[46] Smith v. Wenderlich, 826 F. 3d 641 (2d Cir. 2016).

[47] Earley v. Murray, 451 F.3d 71 (2d Cir.), reh'g denied, 462 F.3d 147 (2d Cir. 2006), cert. denied sub nom. Burhlre v. Earley, 551 U.S. 1159 (2007).

[48] Betances v. Fischer, No. 11-cv-3200, 2021 WL 1534159 (S.D.N.Y. February 23, 2021).

The law did not require Defendants to unilaterally remove a PRS term that had been administratively imposed.[49]

Plaintiffs were not entitled to be released from custody after a violation of the conditions of PRS that had been administratively imposed by DOCS.[50]

To award damages to Plaintiffs, therefore, you must find that Defendants' failures to act promptly and reasonably was the proximate cause of their damages.

Defendants, I instruct you, are State prison officials employed by the Executive Branch of State government, and have no authority over State judges or County district attorneys.

County district attorneys and State judges, and not prison and parole officials, are responsible for sentencing.

On June 30, 2008, the State Legislature, for the first time, authorized DOCS and Parole to initiate a resentencing process through the enactment of Correction Law § 601-d.[51]

That statute required all parties to resentencings to follow the provisions for referral, resentencing, and release after resentencing.[52]

You, the jury, are to determine these issues of damages – whether Plaintiffs, if they served PRS that was later excised from their sentences by courts, are entitled to collect more than nominal or compensatory damages, and if so, in what amount.[53]

I will now instruct you as to causation, intervening and superseding causes, and proximate causation.[54]

---

[49] Joyner-El-Qawi-Bey v. Russi, 439 Fed. Appx. 36 (2d Cir. 2011); Hassell v. Fischer, 879 F. 3d 41 (2d Cir. 2018).

[50] Rivers v. Fischer, 390 Fed. Appx. 22 (2d Cir. 2010); Hassell v. Fischer, 879 F. 3d 41 (2d Cir. 2018).

[51] Correction Law § 601-d

[52] Correction Law § 601-d

[53] Betances v. Fischer, No. 11-cv-3200, 2021 WL 1534159 (S.D.N.Y. February 23, 2021).

[54] Plaintiffs object to this instruction in its entirety because it makes numerous unsupported assertions of fact concerning issues that are not relevant to the sole issue for the jury in this trial and will thus only confuse and mislead the jury. *See Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2003) ("The purpose of jury instructions is to give a clear and concise statement of *the law* applicable to the facts of the case." (emphasis added) (cleaned up)). Plaintiffs further object to this instruction because it wrongly states that the jury must decide Defendants' liability and that the jury may award nominal damages, even though the Court has already held Defendants liable for violating Plaintiffs' due process rights and held that Plaintiffs are entitled to

compensatory—more than nominal—damages. *See Betances IV*, 403 F. Supp. 3d at 230-31, 234-25; Pl. Mot. Limine at 4-8.

IV.     **PROXIMATE CAUSE**
        **(DEFENDANTS' PROPOSAL)**

**PROXIMATE CAUSE – GENERALLY[55] (DEFENDANTS' PROPOSAL)**

Plaintiffs must prove by a preponderance of the evidence that the Defendants' acts were a proximate cause of the specific injuries sustained by the Plaintiffs.

A proximate cause is one that in a natural course, a continuous sequence, unbroken by any intervening cause, produces the injury, and without which the injury would not have occurred.

Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Plaintiffs. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury – that is, if the injury or damage was a reasonably foreseeable consequence of Defendants' acts or omissions. If an injury was a direct result of a reasonably probable consequence of any Defendant's act or omission, it was proximately caused by such act or omission. In other words, if a Defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

Further, if a Defendant's acts did not have an effect in producing the injury, such that a reasonable person would regard it as not being a cause of the injury, then the Defendant's act is not a proximate cause of Plaintiffs' injuries, and you must find for that Defendant.

In order to recover damages for a specific injury, Plaintiffs must show by a preponderance of the evidence that such injury was foreseeable, and would not have occurred without the conduct of the Defendant you are considering. You may not award damages against a Defendants where there is an intervening cause that breaks the chain of causation so that the defendant is not the proximate cause of a Plaintiff's s damages.

Plaintiff bears the burden of proving that any Defendant's action was a proximate cause of the plaintiff's injury. It is for you to decide whether Plaintiffs have established by a preponderance of the evidence whether any defendant was the proximate cause of any of a Plaintiff's specific injuries. If you find that a Plaintiff has established that a defendant's action was the proximate cause of a specific injury, you must find in Plaintiffs' favor as to that Defendant. If you find that the Plaintiffs have failed to establish the proximate cause of a defendant by a preponderance of the evidence as to a particular Defendant, you must return a verdict for that Defendant on that claim.

Although Defendants Annucci, Fischer and Tracey are being represented by the same counsel, you are not to treat them as one person. Each Defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.

---

[55]     *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998); *Warner v. Orange County Dep't of Probation*, 115 F.3d 1068, 1071 (2d Cir. 1996); *Holmes v. Secs. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Martinez v. California*, 444 U.S. 277, 285 (1980).

Although there are three defendants in this case, it does not follow that if one is held to be liable with respect to a specific injury, one or both of the others is liable as well.[56]

---

[56]     Plaintiffs object to this instruction in its entirety because the Court has already determined that Defendants proximately caused Plaintiffs' lost liberty damages, meaning proximate cause is not at issue at this trial. *See* Pl. Mot. Limine at 4-6; *Betances IV*, 403 F. Supp. 3d at 234-35 (explaining that the Second Circuit "did not leave open the possibility of relitigating whether Defendants can be held liable" and "identifies damages as the only matter left to be determined on remand"). In addition, because the Court has already decided that all Defendants proximately caused Plaintiffs' injuries, the jury need not make individual determinations about whether each Defendant proximately caused Plaintiffs' injuries.

**PROXIMATE CAUSE FOR DUE PROCESS VIOLATIONS**[57]
**(DEFENDANTS' PROPOSAL)**

If you find that the preponderance of the evidence proves that Plaintiffs complain about an injury which would have occurred even in the absence of Defendants' conduct, you must find that Defendants did not proximately cause Plaintiffs' injuries. In other words, if the same thing would have occurred even if Plaintiffs' rights had not been violated, you should not award damages.

If you find that Plaintiffs would have received a PRS term even if they had been given full due process at any time period relevant to this lawsuit – either before July 1, 2008 or after July 1, 2008 – then, notwithstanding the finding of liability, you should then award damages not to exceed one dollar.[58]

---

[57] Modified from the Charge given in Bailey v. Pataki, No. 08-cv-8563 (JSR) (S.D.N.Y., July 29, 2013).(ECF No. 214, at pp. 146-147). See also

[58] Plaintiffs object to this instruction in its entirety because the Court has already determined that Defendants proximately caused Plaintiffs' lost liberty damages, meaning proximate cause is not at issue at this trial. See Pl. Mot. Limine at 4-6; Betances IV, 403 F. Supp. 3d at 234-35 (explaining that the Second Circuit "did not leave open the possibility of relitigating whether Defendants can be held liable" and "identifies damages as the only matter left to be determined on remand"). In addition, the instruction that the jury may award damages of one dollar is inconsistent with the Court's determination that Plaintiffs are entitled to an award of compensatory—more than nominal—damages for their lost liberty. Betances IV, 403 F. Supp. 3d at 230-31; see also Pl. Mot. Limine at 7-8.

## V.    CONSIDER DAMAGES ONLY IF NECESSARY[59]
    (DEFENDANTS' PROPOSAL)

Defendants have been found liable for not, at unspecified times, promptly sending a letter to sentencing courts urging them to attempt to resentence Plaintiffs so that a judge would state on the record the PRS term Plaintiffs were required to serve under State law.

You must determine the damages, if any, to which Plaintiffs are entitled because Defendants delayed in sending that letter. However, you should not infer that Plaintiffs are entitled to recover compensatory damages merely because I am instructing you on the elements of damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not any Defendant here should be liable for damages. I am instructing you on damages only so that you will have guidance should you decide that Plaintiffs have met their burden of proof that they are entitled to recovery from any of the Defendants.[60]

---

[59]    Federal Jury Instructions, Instruction 77-1, ¶77.01; Third Circuit Model Civil Jury Instructions 4.8.1, 5.4.1, 6.4.1, 9.4.1; Euro v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3rd Cir. 1970); Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967); Caslo v. Elgin, Joliet & Eastern Railway Co., 361 F.2d 748 (7th Cir. 1966); Flexuspine v. Globus Medical, Inc., 879 F.3d 1369, 1372-74 (Fed. Cir. 2018).

[60]    Plaintiffs object to this instruction in its entirety because the Court has already determined that Plaintiffs are entitled to compensatory damages for their lost liberty. *Betances IV*, 403 F. Supp. 3d at 230-31; *see also* Pl. Mot. Limine at 7-8. That is, contrary to this instruction, the jury must necessarily determine the amount of damages Plaintiffs are entitled to. Plaintiffs also object to this instruction because it mischaracterizes the grounds for Defendants' liability. Defendants were found liable because they "understood that *Earley I* required them to change their practices [of administratively imposing PRS] but affirmatively decided not to do so" for nearly two years. *Betances v. Fischer*, 837 F.3d 162, 172 (2d Cir. 2016). Their liability is not based merely on their failure to send a letter, but rather because they affirmatively decided to continue to enforce and impose extra-judicial sentences for years after the Second Circuit held that such sentences were a nullity in *Earley v. Murray*.

## VI.     NO COMPENSATORYDAMAGES FOR ABSTRACT RIGHTS[61] (DEFENDANTS' PROPOSAL)

Plaintiffs are not entitled to damages based solely on the subjective importance of the constitutional right violated.  In other words, violation of a constitutional right, in and of itself, does not entitle Plaintiffs to an award of damages.  Your award, if any, should be based upon proof of actual injuries proximately caused by Defendants, and not upon the infringement of an abstract constitutional right.[62]

---

[61] Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Carey v. Piphus, 435 U.S. 247 (1978).

[62] Plaintiffs object to this instruction in its entirety because it misrepresents applicable law and the law of the case. Plaintiffs do not seek compensatory damages for "abstract rights." This Court has already decided that Plaintiffs' entitlement to compensatory damages here is grounded in the Second Circuit's decision in Kerman, see Betances IV, 403 F. Supp. 3d at 230-31, which held that "where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, . . . the plaintiff is entitled to compensatory, not merely nominal, damages." 374 F.3d at 124. Indeed, Kerman explicitly distinguishes Stachura, the case Defendants rely on for this instruction, because lost liberty damages, unlike those at issue in Stachura, do not "attempt to vindicate the liberty rights of society at large." Id. at 130.

**VII.    NOMINAL DAMAGES**
**(DEFENDANTS' PROPOSAL)**

If you find, after considering all the evidence presented, that Defendants' due process violation in not referring Plaintiffs to their sentencing courts at any given time after August 31, 2006 resulted in no injury to them, you may award Plaintiffs "nominal damages."  For example, if you find that plaintiffs' procedural due process rights that were violated when Defendants did not refer Plaintiffs to their sentencing courts for resentencings, but find that even if Defendants had made those referrals, Plaintiffs would still not have been relieved of PRS, or would have been resentenced to PRS, then Plaintiffs are entitled only to nominal damages even though Defendants violated their due process rights to be referred for resentencings.   In such an event, no compensatory damages would be owed because plaintiffs would have remained on PRS even if due process was afforded by making the referral to the sentencing court.[63]

Authority: 4 Sand et al., *Modern Federal Jury Instructions (Civil)*, Instr. 77-6
*McCann v. Coughlin*, 698 F.2d 112, 126 (2d Cir. 1983) (citing *Carey v. Piphus*, 435 U.S. 247, 260-63 (1978))

---

[63] Plaintiffs object to this instruction in its entirety because the Court has already determined that Plaintiffs are entitled to compensatory damages—not merely nominal damages. *Betances IV*, 403 F. Supp. 3d at 230-31; *see also* Pl. Mot. Limine at 7-8.

**VIII.**      **MULTIPLE CLAIMS – MULTIPLE DEFENDANTS**[64]
           **(DEFENDANTS' PROPOSAL)**

You should not award compensatory damages more than once for the same injury.  For example, if Plaintiffs were to prevail on two claims and establish a one dollar injury, you could not award Plaintiffs one dollar compensatory damages on each claim – they are only entitled to be made whole again, not to recover more than they lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate Plaintiffs fully for all of the injuries.

Second, you must be careful to award any damages on a claim solely upon the Defendant or Defendants whom you find to have caused those damages.  Although there are three Defendants in this case, it does not follow that if one is liable for damages, any one or all of the others are liable as well.  Each Defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other Defendants.  If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

Nevertheless, you might find that more than one Defendant acted jointly to  proximately cause a particular injury, you may treat them jointly for purposes of deciding damages.[65]

---

[64] Federal Jury Instructions, Instruction 77-2; P. R. Highway & Transportation Authority v. Redondo Construction Co., 2016 U.S. App. LEXIS 2304 (1st Cir. Feb. 10, 2016); Bailey v. Board of County Commissioners, 956 F.2d 1112, 1129-30 (11th Cir. 1992); McRoberts Software Inc. v. Media 100, Inc., 329 F.3d 557, 570 (7th Cir. 2003).

[65] Plaintiffs object to the Multiple Defendants portion of this instruction because all three Defendants have already been found personally liable for violating Plaintiffs' constitutional rights and proximately causing Plaintiffs' loss of liberty damages. Betances IV, 403 F. Supp. 3d at 234-35.

**IX.**          **MITIGATION OF DAMAGES**[66]
                 **(DEFENDANTS' PROPOSAL)**

If you find that the Plaintiffs were injured as a direct and proximate cause of conduct by the Defendants that violated Plaintiff's Due Process rights under the United States Constitution, you must determine whether the Plaintiffs could thereafter have done something to lessen the harm that they suffered. The burden is on the Defendants to prove, by a preponderance of evidence, that the Plaintiffs could have lessened the harm that was done to them, and that they failed to do so. If the Defendants convince you that the Plaintiffs could have reduced the harm done to them but failed to do so, the Plaintiffs are entitled only to damages sufficient to compensate them for the injury that they would have suffered if they had taken appropriate action to reduce the harm done to them.[67]

---

[66] Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989). 5 L. Sand, et al., *Modern Federal Jury Instructions*

[67] Plaintiffs object to this instruction in its entirety because the Court has already determined that Plaintiffs are entitled to compensatory damages for their lost liberty. *Betances IV*, 403 F. Supp. 3d at 230-31; *see also* Pl. Mot. Limine at 7-8; *Betances Class Opinion*, 304 F.R.D at 431 ("General damages for the loss of liberty need not be specifically proved—it may be inferred from the circumstances of the arrest or imprisonment and would include at least the value of the time lost by the plaintiff during the period of detention. Thus, these damages do not turn on any individual characteristics of any class members." (cleaned up)).

X.    **ADMINISTRATIVE RULES, REGULATIONS AND POLICIES (DEFENDANTS' PROPOSAL)**

You have heard evidence about various statutes, administrative rules, regulations and policies, including New York State Penal Law § 70.45 and Correction Law §601-d.  You may consider this evidence in your deliberations.[68]

Authority: <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250 (1983); <u>Holcomb v. Lykens</u>, 337 F.3d 217, 224 (2d Cir. 2003); *Sealed v. Sealed*, 332 F.3d 51, 57 n.5 (2d Cir. 2003) (quoting <u>Olim</u>, 461 U.S. at 250-51, and <u>Doe v. Milwaukee County</u>, 903 F.2d 499, 503 (7th Cir. 1990) .

---

[68] Plaintiffs object to this instruction in its entirety because the cases Defendants cite in support of it indicate they intend to use it to relitigate liability issues already decided by this Court. Specifically, the cited cases hold that "[a]lthough state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures." *Holcomb*, 337 F.3d at 217 (cleaned up) (citing *Olim*, 461 U.S. at 250 and *Sealed*, 332 F.3d at 57 n.5). This principle is inapplicable here because the Court has already determined that Defendants are personally liable for administratively imposing PRS in violation of Plaintiffs' constitutional rights. *Betances IV*, 403 F. Supp. 3d at 234.

## PART III: CLOSING INSTRUCTIONS[69][70]
## (PLAINTIFFS' PROPOSAL)

You are about to go into the jury room and begin your deliberations.

So that your deliberations may proceed in an orderly fashion, you must have a foreperson, but the foreperson's vote is not entitled to greater weight than that of any other juror. Traditionally, juror number one acts as foreperson.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for him or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change your opinion when convinced that it is erroneous.

You are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy and without regard to prejudice or favor for either party, and adopt that conclusion which, in your good conscience, appears to be in accordance with the truth.

If, in the course of your deliberations, you want further help as to the law, or if you wish to hear any further explanation as to the law, please let me know.

If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you can in requesting exhibits or portions of the testimony.

Your requests for exhibits, testimony, or clarification of the law—in fact any communication with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any question until after your verdict is reached on every question.

To assist you in your deliberations, I have prepared a Verdict Form for you to use in recording your decision. The Verdict Form is made up of two questions. These questions are to be answered by filling in a dollar amount as indicated. Do not write anything other than a dollar amount in response to these questions.

Your verdict must be unanimous. When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is.

---

[69]    Modern Federal Jury Instructions §§ 78-3, 78-9.

[70]    Defendants object to this instruction on the ground that it does not fully provide the jury with information relating to its duty to deliberate, the requirement for a unanimous verdict and the role of a foreperson.

Before now asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

**DEFENDANTS' PROPOSED ALTERNATIVE JURY CHARGE - DUTY TO DELIBERATE – UNANIMOUS VERDICT**[71]

**Duty to Deliberate – Unanimous Verdict**

In a few minutes you will go into the jury room to begin your deliberations. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. Your verdict, and the answers to each question on the verdict form, must be unanimous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor toward any party, and adopt that conclusion which in your good conscience appears to be in accordance with the evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room, and no one juror should control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating your own view, and if after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided. Your verdict must be unanimous.

---

[71] Plaintiffs believe that their proposed Closing Instructions should be used rather than Defendants' deliberations charges.

**ALL JURORS REQUIRED FOR DELIBERATION**
**(DEFENDANTS' PROPOSAL)**

You are not to discuss the case until all jurors are present. Five, six, or seven jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.