USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAUL BETANCES, et al.,

                Plaintiffs,

    - against -

BRIAN FISCHER, in his capacity as
Commissioner of the New York State
Department of Correctional Services (DOCS),
and in his individual capacity, et al.,

                Defendants.
-------------------------------------------------------------X

11-CV-3200 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On June 10, 2021, the Court requested supplemental briefing regarding whether the class should be preserved for trial of general damages on loss of liberty. (Dkt. 321.) After reviewing the parties' submissions (*see* Dkts. 326, 329, 330), the Court requests that the parties provide answers to the following questions by **December 31, 2021**. The parties shall meet and confer and file a joint document. To the extent the parties do not agree on the responses, the joint filing shall reflect each party's respective answer.

1. Complete the following chart:

| Category | Number of Class Members |
|---|---|
| All current class members | |
| Class members referred for resentencing, and sentencing judge imposed exact same terms of PRS ("Nunc Pro Tunc Members") | |
| Excluding Nunc Pro Tunc Members, class members who were subject to | |

1

| | |
|---|---|
| unlawful PRS and subsequently reincarcerated | |
| Excluding Nunc Pro Tunc Members, class members who were subject to unlawful PRS and not reincarcerated | |

2. For all class members excluding Nunc Pro Tunc Members, what elements of unlawfully imposed PRS were common to most or all members?  What PRS elements were not common to most or all members?  Where common elements of PRS were imposed, to what extent (both in kind and number of class members) did those elements vary among class members? Elements of PRS include, for example, travel restrictions (and extent thereof); home confinement; curfew (and hours thereof); electronic monitoring; mandatory drug program participation (and whether inpatient or outpatient); obligation to report to supervisor (and frequency thereof and whether in person or by telephone); obligation to submit to drug testing (and frequency thereof); and obligation to submit to mental health care evaluation or counseling (and frequency thereof).

3. For class members who were reincarcerated for violation of unlawfully imposed PRS, how many were reincarcerated due to alleged commission of a new crime, and how many were reincarcerated for violations of unlawfully imposed PRS other than allegedly committing a new crime?

4. For class members who were reincarcerated for violation of unlawfully imposed PRS, to what extent were the facilities where they were reincarcerated the same or different with respect to degree of security (e.g., maximum, medium, minimum), and to what extent did the level of security affect those class members' liberty.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 8, 2021
　　　　New York, New York

Copies transmitted this date to all counsel of record.