# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

VASUDHA TALLA

NAIRUBY L. BECKLES
MARISSA BENAVIDES
DAVID BERMAN
NICK BOURLAND
SARA LUZ ESTELA
EMMA L. FREEMAN
ANDREW K. JONDAHL
NOEL R. LEÓN
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER

September 2, 2022

*Via ECF*

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

   Re: *Betances, et al. v. Fischer, et al.*, No 11 Civ. 3200 (RWL)

Dear Judge Lehrburger:

  This firm represents the Plaintiff Class in the above-captioned action.

  In its March 14, 2022 Decision and Order denying Defendants' motion to decertify the Plaintiff Class, the Court ordered the parties to file a joint letter setting forth, among other things, "a description of any remaining pre-trial in limine issues that have not been resolved." Order, Dkt. 334 at 34. Accordingly, on March 28, 2022, the parties submitted a joint letter noting that the parties in limine motions remained unresolved, including:

> Plaintiffs' prior in limine motions seeking (a) to preclude all testimony and argument concerning liability and causation; (b) to preclude all testimony and argument concerning sentencing procedures and resentencing initiatives; (c) to preclude all testimony and argument concerning the criminal histories of any plaintiff or member of the plaintiff class; and (d) to limit all testimony and argument solely to the question of compensatory damages for lost or diminished liberty while incarcerated or subject to PRS[.]
>
> Defendants' in limine motions seeking to include causation and the background of PRS sentencing procedures and resentencing initiatives and defenses are unresolved.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

Dkt. 335 at 2. In light of the fast-approaching damages trial in this case, we now write to briefly address the current status of these pending motions in limine, which have been resolved in part by the Court's March 14 Order.

Judge Scheindlin, the Second Circuit, and this Court have repeatedly held that: (1) general damages for lost liberty are available here, (2) Defendants are liable for violating Plaintiffs' constitutional rights, and (3) as a result, the issues of liability and causation have already been decided as to Plaintiffs' general damages. *See* Dkt. 334 at 12, 20-22. In its March 14 decision, which was issued after the parties' in limine briefing was filed, the Court denied Defendants motion to decertify the Plaintiff Class and held that loss of liberty damages are available and can be determined on a class-wide basis. *Id.* at 20-22. The Court also once again rejected Defendants' argument "that the Second Circuit 'left open the question of whether Defendants caused the damages resulting from any injuries to class members.'" *Id.* The Court further explained that Defendants could potentially argue at an individual Plaintiff's damages trial "that certain *individual* injuries may be due to the action of others and therefore are not attributable to Defendants." *Id.* (quoting *Betances v. Fischer*, 403 F. Supp. 3d 212, 235 (S.D.N.Y. 2019) ("*Betances IV*")) (emphasis added). However, the issue of whether Defendants caused Plaintiffs' *general damages* is no longer a live issue in this case because such damages are "inherent in any unlawful detention." *Id.* at 22 (quoting *Kerman v. City of New York*, 374 F.3d 93, 130 (2d Cir. 2004).

Consistent with these rulings, including the Court's March 14 decision, Plaintiffs' motions in limine to preclude Defendants from arguing liability, causation, and Plaintiffs' entitlement to non-nominal compensatory general damages for lost liberty should be granted. *See* Pls' Mot. in Limine Br., Dkt. 306 at 2-11. Defendants' motions in limine seeking to include at trial the issues of (1) whether Plaintiffs suffered general damages and (2) whether Defendants caused Plaintiffs' general damages should be denied. *See* Defs' Mot. in Limine Br., Dkt. 308 at 17-20; Defs' Supp. Mot. in Limine Br., Dkt. 329 at 23-30.

The other in limine motions to be decided are:

- Plaintiffs' motion to exclude testimony concerning "sentence calculation procedures" and "resentencing initiatives," Dkt. 306 at 11-12;

- Plaintiffs' motion to exclude evidence of plaintiffs' criminal histories, *id.* at 12-14;

- Defendants' motion to limit the named Plaintiffs' testimony to "their own personal experiences on PRS," Dkt. 308 at 914;

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

- Defendants' motion to include evidence of Plaintiffs' criminal histories, *id.* at 16.

                                            Respectfully submitted,

                                                  /s/

                                            Matthew D. Brinckerhoff
                                            Jonathan S. Abady
                                            Earl S. Ward
                                            Nick Bourland
                                            Max Selver