USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAUL BETANCES, et al.,

                Plaintiffs,

    - against -

BRIAN FISCHER, in his capacity as
Commissioner of the New York State
Department of Correctional Services (DOCS),
and in his individual capacity, et al.,

                Defendants.
-----------------------------------------------------------X

11-CV-3200 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On November 17, 2022, the Court held a pre-trial conference with the parties addressing motions in limine, issues for trial, and related matters. As ordered during the conference (and without exclusion to other orders made during the conference):

1. By **November 21, 2022**, the parties will jointly file a letter setting forth dates during March, April, and May 2023 when they are not available for trial. The Court plans to reserve three days for trial.

2. By **December 15, 2022**, Defendants shall file a memorandum of law addressing the extent to which, if at all, Plaintiffs' violations of unconstitutionally imposed PRS implicate a defense of failure to mitigate damages. The memorandum shall also address any implications for class action status. Plaintiffs shall file their responding brief by **January 10, 2023**. Defendants shall file their reply, if any, by **January 24, 2023**. Plaintiffs shall file their sur-reply, if any, by **January 31, 2023**. Opening briefs shall be no more than 15 pages; reply briefs shall be no more than 8 pages.

3. Trial of the plaintiff class's "loss-of-liberty" damages will be by jury, with a unanimous verdict required.

4. The parties concur, and this Court finds, that sufficient notice to the class has been provided.

5. To the extent Defendants have sought to revive their statute of limitations arguments, the request is DENIED.

6. Plaintiffs' motion in limine to preclude argument and testimony about Defendants' liability is GRANTED. Defendants' motion to allow such argument and testimony is DENIED.

7. Plaintiffs' motion in limine to preclude argument and testimony about causation is GRANTED. Defendants' motion to allow such argument and testimony is DENIED.

8. Plaintiffs' motion in limine to limit argument and testimony of the type of damages to which Plaintiffs may recover to compensatory damages only is GRANTED; Defendants are precluded from presenting argument or testimony that the jury may consider awarding nominal damages or no damages. Defendants' motion in limine to allow such argument and testimony is DENIED. The issue of which Plaintiffs may recover which type of damages has been previously determined by this Court.

9. Plaintiffs agree they are not seeking damages for loss of the right to vote as part of the loss-of-liberty class trial. Accordingly, argument and testimony about loss of the right to vote will be excluded from trial.

10. Defendants' motion in limine to preclude testimony or argument about damages for "certain specific periods of time" is DENIED with respect to what will be

before the jury.  Plaintiffs agree they are not seeking damages for periods of time from which they absconded from PRS and therefore were at liberty.  Plaintiffs also agree that any individual Defendant (namely, Defendant Fischer) does not bear liability for any period of time prior to the time they became employed by DOCS.  That issue does not at all affect what the issues for the jury will be at trial.

11. Defendants' motion in limine to permit testimony as to the law governing during different time frames during which referrals for resentencing could have been made is DENIED.

12. Plaintiffs' motion in limine to preclude argument and testimony about sentencing procedures and resentencing initiatives is GRANTED; Defendants' motion to allow such argument and testimony is DENIED. As explained at the conference, however, the Court will read a statement to the jury providing certain general information about sentencing procedures or initiatives to provide context for the jury's benefit.  There should be no need for any additional argument or testimony beyond what is presented by the Court regarding sentencing procedures and initiatives.  This particular ruling is without prejudice to revisiting the issue if warranted after the Court, in conjunction with the parties, has finalized the statement to be read to the jury.

13. Plaintiffs' motion in limine to preclude argument and testimony about the specifics of the offenses for which Plaintiffs were initially incarcerated or for which they were reincarcerated while on PRS is GRANTED; Defendants' motion in limine to allow such argument and testimony is DENIED.  The relevance of argument or testimony beyond the general is outweighed by undue prejudice.  These rulings are subject to revision based on the outcome of the Court's determination with respect the mitigation

issue being briefed by the parties.  At the very least, however, the jury may be informed that the Plaintiffs were convicted of felonies for which they were sentenced for at least one year or more, and, where applicable, that they were reincarcerated for violations of the terms of PRS.  The exact formulation of what the jury may be told in that regard will be set forth in the Court's statement to the jury and/or final jury instructions.

14. Defendants' motion in limine to limit the named Plaintiffs' testimony to their own personal experiences on PRS or during reincarceration is GRANTED.

15. All rulings herein are with respect to only the trial of the loss-of-liberty class phase of damages.

16. Reasons for the foregoing rulings were stated on the record.  Additional reasons are found in the prior rulings and decisions of the Court.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2022
  New York, New York

Copies transmitted this date to all counsel of record.

4