# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
DANIEL A. PEÑA
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

December 18, 2025

**By ECF**

Hon. Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Room 18D
New York, NY 10007-1312

   *Re:* *Betances, et al. v. Fischer, et al.*, No. 11-cv-3200 (RWL)

Dear Judge Lehrburger:

   We write as directed by the Court's Order (ECF No. 486), and in response to Defendants' December 8, 2025 letter (ECF No. 485) asking the Court to reconsider its summary judgment order concerning impediments. In support of reconsideration, Defendants claim that the recent decision of a Second Circuit panel in *Santiago v. Fischer*, 158 F.4th 397 (2d Cir. 2025), "confirms that Defendants could not unilaterally excise unpronounced PRS terms" that they themselves imposed, which, if true, would mean that the panel in *Santiago* overruled *Vincent v. Annucci,* 63 F.4th 145 (2d. Cir. 2023) ("*Vincent II"*), and did so *sub silentio*.[1]

   While the panel opinion in *Santiago* is not a model of clarity in all respects, two things are beyond debate. First, rather than overruling *Vincent II,* the *Santiago* opinion expressly applied the "reasoning" of *Vincent II*, 158 F.4th at 409, and even quoted and adopted the disposition of *Vincent II* when it concluded that "[b]ecause the exclusion of evidence of impediments did 'not comport with our precedent,' it 'warrants remand and reconsideration.'" *Santiago*, *id.* at 410 (quoting *Vincent II*, 64 F.4th at 152). Second, the panel in *Santiago* limited

---

[1] Every Second Circuit panel is "bound by the decisions of prior panels until such time as they are overruled by an *en banc* panel of our Court or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). *Vincent II* has not been overruled by the Second Circuit *en banc*, nor does the *Santiago* panel indicate that it even considered, much less invoked, the mini-*en banc* procedure utilized and recognized in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 67 n.9 (2d Cir. 2009).

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

its ruling to reversing "the judgment of the district court insofar as it denied the motion for a new trial" because of the exclusion of evidence concerning impediments, and remanded "for further proceedings." *Id.* at 414.

The procedural posture and history of *Santiago* in the district court is critical to understanding exactly what the panel decision in *Santiago* does, *and does not*, mean. The evidentiary error of the trial court identified by the panel in *Santiago* was the exclusion of "testimony regarding the reasons for the defendants' belief that the DOCS and DOP could not have excised the illegally imposed PRS or the reasons why the defendants did not inform the District Attorneys' office or otherwise rectify the situation." *Id.* at 409 (cleaned up).

Thus, *Santiago* stands for the unremarkable proposition that the district court in *Santiago* must now do what this Court already did in the wake of *Vincent II*: preside over a process where both sides can present evidence of impediments or lack thereof and make rulings based on a full presentation.

Unlike the district court in *Santiago*, which did not have the benefit of the *Vincent II* decision until *after* trial, this Court has had the opportunity, pre-trial, to fully consider and comply with *Vincent II*, as set forth in the extensive Decision and Order ruling on the parties' motions for summary judgment, *Betances v. Fischer*, No. 11-CV-3200 (RWL), 2024 WL 182044 (S.D.N.Y. Jan. 17, 2024) ("Summary Judgment Order"), and the Decision and Order reconsidering the part of the Summary Judgment Order that decertified the class, *Betances v. Fischer*, No. 11-CV-3200 (RWL), 2024 WL 3848485, at *7 (S.D.N.Y. Aug. 16, 2024) ("Reconsideration Order").

The Second Circuit held in *Vincent II* that Defendants' *only* available option for remedying the due process violation of extra-judicially imposed PRS for persons who were not resentenced prior to the maximum expiration date of their determinate sentences[2] was "as we outlined in *Earley*, . . . to excise the terms of the null and void administratively imposed PRS, and relieve [them] of the conditions associated with it." 63 F.3d at 154. The *Vincent* court explained that "on the record before us, it is not clear whether there was any impediment, legal or otherwise, to Annuci's simply and unilaterally releasing Vincent," so it remanded for the district court to determine the issue. *Id.*

Consistent with the ruling in *Vincent II,* the parties here agreed to limited targeted additional discovery and the submission of summary judgment motions addressing the impediments issue. This Court then ruled based on the presentation of extensive undisputed evidence, taken primarily from the sworn testimony of Defendants themselves, that there were no impediments to excising the terms, effects, and conditions of PRS for all Sentencing Minutes Members who collectively make-up at between 36% and 67.5% of the entire class of persons subjected to extra-judicial PRS after the maximum expiration date of their determinate sentences. *See generally* Summary Judgment Order & Reconsideration Order.

---

[2] This is essentially the class definition in this case, where the class consists of "all persons who were sentenced to prison in New York State for a fixed term that did not include a term of PRS, but who were nevertheless subjected to PRS after the maximum expiration date of their determinate sentences and after June 9, 2006."

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

   Defendants' letter characterizes *Santiago* as confirming that Defendants "lacked the legal authority to unilaterally excise" the PRS terms that they had earlier imposed extra-judicially. That argument is sophistry. *See* Defs.' Ltr. at 1-2 (paragraph beginning with the word "First"). The "support" that Defendants cite for this misleading statement comes from the lengthy background section of the *Santiago* opinion where the panel attempts to summarize *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), and explains that "under state law" a resentencing "could be initiated only by the courts, state prosecutors, and defendants," and "corrections officials had no authority to refer cases to state court for resentencing." 158 F.4th at 404 (cited in Defs.' Ltr. at top of 2).[3] Although the *Santiago* opinion discusses resentencing throughout, using a version of the word 27 times, the word "excise" appears exactly twice, and each time it references the evidence concerning impediments that was not allowed by the district court.

   Defendants' letter never addresses the fact that the decision in *Vincent II* eliminated the relevance of any impediments to *resentencing* post-*Earley* as it concerns class members in this case because none could be legally resentenced. That holding was not overruled or undermined by the panel opinion in *Santiago.* Accordingly, the discussion of impediments to resentencing set forth in the *Santiago* opinion has no relevance to this case.

   Finally, in addition to conflating impediments to resentencing with impediments to excising PRS and its effects, Defendants letter also conflates the actual holding of the *Santiago* panel —that evidence of impediments is *relevant* to determining causation (a holding fully consistent with *Vincent II*) —with a ruling that *establishes* that Defendants could not excise PRS and its effects for the Sentencing Minutes Members. The opposite is true here of course, as this Court has already held after a fulsome process and competing motions for summary judgment. Nothing in Defendants' letter or the *Santiago* opinion reversing the denial of a new trial motion merits reconsideration of this Court's prior application of *Vincent II*.

               Respectfully submitted,

               Matthew D. Brinckerhoff

c.  Counsel of record via ECF

---

[3] Although impediments to resentencing —as opposed to excising PRS altogether —are not at issue in this case after *Vincent II*, the Second Circuit recognized in *Betances v. Fischer*, 837 F.3d. 162, 172 (2d Cir. 2016), that even when it comes to resentencing, the fact that corrections officials did not have the legal authority to commence resentencing proceedings was not an impediment to taking action on resentencing as Defendants demonstrated when they "launched the Post-Release Resentencing Initiative" in May 2008. Like *Vincent II*, *Betances v. Fischer* remains the law of this Circuit, notwithstanding any stray imprecise sentences in *Santiago*.