UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PAUL BETANCES, et al.,     :

                  Plaintiffs,     :

                            :

          - against -     :

                            :

BRIAN FISCHER, in his capacity as     :
Commissioner of the New York State
Department of Correctional Services (DOCS),     :
and in his individual capacity, et al.,     :

                            :

            Defendants.     :

---------------------------------------------------------------X

11-CV-3200 (RWL)

**ORDER:
PLAINTIFF CRUMP**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a civil rights class action under 28 U.S.C. § 1983 arising out of Defendants' imposition of post-release supervision ("PRS") in violation of the U.S. Constitution.  On August 16, 2024, the Court issued a decision on reconsideration denying Defendants' application to decertify the class, and establishing a Sentencing Minutes Members subclass for case management purposes pursuant to Fed. R. Civ. P. 23(c)(5).  *Betances v. Fischer*, No. 11-CV-3200, 2024 WL 3848485 (S.D.N.Y. Aug. 16, 2024) ("*Betances Recon.*").  The Court also deemed it "appropriate and salutary, even if not necessary, to add a Sentencing Minute Member as a named Plaintiff" and required Plaintiffs "to identify such a member and make them available for discovery in advance of trial."  *Id*. at *7. Pursuant to that directive, Plaintiffs named Samantha Crump as a Plaintiff and representative of the class and the Sentencing Minutes Members subclass.  Defendants deposed Ms. Crump and now object to her being a class representative, arguing that she is neither typical of the class nor adequately representative of the class as required under Fed. R. Civ. P. 23(a)(4).  (*See* Defendants' Memorandum Of Law Objecting To The

Adequacy Of The Newly Identified Plaintiff To Represent The Class at Dkt. 504 ("Def. Mem.").)

Defendants' objection is overruled.   Ms. Crump meets both the typicality and adequacy requirements.  In certifying the class, the Court set forth the legal standards for typicality:

> Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. … The purpose of typicality is to ensure that class representatives have the incentive to prove all the elements of the cause of action which would be presented by the individual members of the class were they initiating individualized actions.  A lack of typicality may be found in cases where the named plaintiff was not harmed by the conduct he alleges to have injured the class or the named plaintiff's claim is subject to specific factual defenses atypical of the class.

*Betances v. Fischer*, 304 F.R.D. 416, 425 (S.D.N.Y. 2015) ("*Betances Class Cert.*") (internal quotation marks and citations omitted).

Ms. Crump's claims are typical of the Sentencing Minutes Members subclass.  Ms. Crump's claim arises from the same course of events as every other member of the Plaintiff class.  Just as DOCS did with respect to the original named Plaintiffs, DOCS unlawfully administratively imposed and maintained a term of PRS on Ms. Crump, after the Second Circuit ruled that doing so was unconstitutional in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006).  And, as with every other Sentencing Minutes Member, DOCS unlawfully administratively imposed a term of PRS, even though Ms. Crump's sentencing minutes, which were possessed by DOCS, reflected that a term of PRS was never imposed by her sentencing judge.  *See Betances Recon.*, 2024 WL 3848485 at *2

(defining the Sentencing Minutes Members as "those class members whose sentencing minutes were in Defendants' possession at the time they violated the members' constitutional rights by imposing unlawful PRS").

Defendants' arguments in support of their objection are not persuasive. Defendants argue that a state appellate court's 2003 decision renders Ms. Crump's claim atypical. (Def. Mem. at 14-15.) In that appeal, Ms. Crump challenged her sentence for violation of PRS, asserting that her sentence was "'unlawful' based on the court's failure to advise her at sentencing that she would be subject to a period of [PRS]." *People v. Crump*, 302 A.D.2d 901, 902 (4th Dep't 2003). The Fourth Department affirmed Ms. Crump's sentence, stating that PRS was mandatory and "automatically included in the sentence." *Id*. (internal quotation marks and citation omitted). The Fourth Department then stated that the period of PRS for Ms. Crump's criminal offense was three years, "and thus the court was not required to specify a period of postrelease supervision at sentencing." *Id.*

Nothing in that 2003 decision has any bearing on whether Defendants violated Ms. Crump's constitutional right, as clearly established by *Earley in 2006*, to be free from administratively imposed PRS. Once *Earley* was decided, continued enforcement of administratively imposed PRS was unlawful – regardless whether a state appellate court had found otherwise – and Defendants had an obligation to take "reasonable steps to comply." *Betances v. Fischer*, 837 F.3d 162, 172 (2d Cir. 2016); *see also Vincent v. Annucci*, 63 F.4th 145, 154 (2d Cir. 2023) ("as a state official, Annucci was not permitted to flout the Constitution or federal law, even if there were state laws to the contrary"). The Fourth Department's decision was neither a legal nor practical impediment to Defendants

3

excising Ms. Crump's term of PRS and releasing her.[1]

Defendants also gain no ground in arguing that Ms. Crump is atypical because her "lost liberty damages over the years are not consistently attributable to her PRS." (Def. Mem. at 15.) Like every other member of the Plaintiff class, Ms. Crump seeks general damages for deprivation of liberty caused by Defendants' unlawful imposition of PRS – damages incurred due to the strictures of that PRS and the loss of liberty when incarcerated for violation of that PRS.[2] That Ms. Crump may, like some other members, have been deprived of liberty at times due to reasons other than unlawfully imposed PRS is irrelevant. Neither Crump nor any class member seeks damages for any period they were deprived of liberty for reasons independent of violating PRS that was unconstitutionally imposed. *See Betances Recon.*, 2024 WL 3848485, at *4.

In addition to satisfying the typicality requirement, Ms. Crump also satisfies the adequacy requirement. Adequacy is a two-fold inquiry:

> [T]he proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of the other class members. Thus, the question of adequacy entails inquiry as to whether: 1) plaintiffs' interests are antagonistic to the interest of other members of the class and 2) plaintiffs'

---

[1] Even more problematic for Defendants, the Fourth Department referred only to a three-year term of PRS. *Crump*, 302 A.D.2d at 902. As explained by Plaintiffs, that three-year term ended shortly before *Earley*, yet Defendants imposed an additional two years of supervised release.

[2] In addition to general damages for lost liberty, class members may also have individualized damages. The upcoming trial of the named plaintiffs will separately address general damages for lost liberty and, if any, individualized damages. *See Betances Recon.*, 2024 WL 3848485, at *7 (explaining that "the Court could conduct an initial trial of the named Plaintiffs at which the jury renders a damages verdict on general loss of liberty damages common to everyone, along with separate additional individualized damages awards, if any, to the individual Plaintiffs").

> attorneys are qualified, experienced and able to conduct the litigation.

*Betances Class Cert.*, 304 F.R.D. at 425-26 (internal quotation marks and citations omitted).  Having incurred damages from Defendants' unlawful imposition of PRS, Ms. Crump's interests are aligned with, not antagonistic to, those of other class members. *See id.* at 428 (finding that the "Class representatives fairly and adequately protect the interests of the class for the same reason they satisfy the typicality requirement – they have suffered injuries from the same course of conduct as all other class members"). And, she is represented by class counsel who already has been found by the Court to be highly qualified and experienced.

In contending that Ms. Crump is not adequate to represent the class, Defendants recycle the same arguments made with respect to typicality:  that the Fourth Department denied her criminal appeal, and that she has had her liberty deprived from "recurring interactions with law enforcement." (Def. Mem. at 16.)  For the same reasons explained above, neither argument renders Ms. Crump inadequate to represent the class. Defendants also recycle arguments already made and rejected in earlier decisions in this case, such as those regarding standing and alleged impediments to releasing Plaintiffs from unconstitutionally imposed PRS.  (*See* Def. Mem. at 18-19.)  The Court will not revisit them here.

To the extent not set forth above, the Court has considered Defendants' arguments and found them to be either moot or without merit.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 5, 2026
      New York, New York

Copies transmitted this date to all counsel of record.