UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL BETANCES, et al.,                          :
                                                :            11-CV-3200 (RWL)
                          Plaintiffs,           :
                                                :            **ORDER:**
                                                :            **PRE-TRIAL ISSUES**
                - against -                      :
                                                :
BRIAN FISCHER, in his capacity as               :
Commissioner of the New York State              :
Department of Correctional Services (DOCS),     :
and in his individual capacity, et al.,         :
                                                :
                          Defendants.           :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This civil rights class action is scheduled for a jury trial on damages starting July 14, 2026. The trial will address general damages for loss of liberty applicable to all members of the class, and individual damages specific to class representative Samantha Crump, who is a member of the "Meeting Minutes" case-management subclass. The case previously had been scheduled for trial in 2023. However, due to a late-breaking appellate decision – *Vincent v. Annucci*, 63 F.4th 145 (2d Cir. 2023) – the Court adjourned trial so that the parties could litigate issues raised by the Second Circuit's decision. (*See* Dkt. 379 (order adjourning trial).)

In connection with pretrial proceedings leading up to the earlier-scheduled trial date, the Court issued rulings on the parties' motions in limine (the "In Limine Order"). (*See* Dkt. 364.) With the passage of three years since then, the Court recently directed the parties to provide the Court with updated trial materials and to present any additional remaining pre-trial disputes requiring resolution before the re-scheduled trial commences.

1

(Dkt. 506.)  On June 16, 2026, the parties filed a joint submission setting forth the issues and their respective positions.  (Dkt. 516.)  The instant order resolves those issues.

### Plaintiffs' Issues To Be Resolved Before Trial[1]

**1.  "Consistent with the Court's *in limine* ruling, all evidence and argument regarding Plaintiff Samantha Crump's underlying offenses should be excluded, regardless of what category of damages she is seeking at trial."**

The Court agrees with Defendants that Crump's familiarity with conditions of imprisonment and post-release supervision ("PRS") is relevant to evaluating Crump's individual damages and will not be precluded.  However, evidence and argument concerning the specifics of the offenses committed by Crump are excluded, subject to the following caveat.  The Court does not have before it sufficient information to assess whether any prior criminal history of Crump is admissible for impeachment purposes under Federal Rule of Evidence 609(a).  Accordingly, by June 26, 2026, the parties shall file a joint submission similar in kind to the instant submission that addresses the specific offenses at issue and whether they are admissible under FRE 609(a).

**2.  "Defendants should not be permitted to testify at the upcoming damages trial."**

The Court will not categorically preclude Defendants from testifying at trial.  For instance, Defendants may testify regarding prison and parole conditions, if they have a foundation to do so.  However, Defendants may not testify about liability or impediments or any other matter precluded by earlier rulings or the rulings below.

---

[1] The bolded headings and quotes are adapted from the parties' joint filing at Dkt. 516.

**3.    "Defendants should not be permitted to present any argument or testimony regarding causation or liability."**

Consistent with the Court's previous rulings, Defendants are precluded from presenting arguments or testimony about liability or impediments to unilateral release. Defendants continue to raise arguments that already have been resolved on summary judgment and are precluded from doing so at trial.  This ruling is entirely consistent with *Vincent* and *Santiago v. Fischer*, 158 F.4th 397 (2d Cir. 2025), inasmuch as the Court already has found on summary judgment that Defendants faced no impediments to unilateral release with respect to the Meeting Minutes subclass.  *See Betances v. Fischer*, No. 11-CV-3200, 2024 WL 3848485, at *4-5 (S.D.N.Y. Aug. 16, 2024).  The Court will not, however, exclude all argument and testimony regarding every aspect of causation; specifically, Defendants may raise non-impediment causation issues pertaining to Crump's individual damages for which there may be an intervening cause (e.g., physical or emotional injury caused by provocation of or abuse by another inmate) – assuming there is supporting evidence on which to advance such an argument.

**4.  "Counsel should be permitted to suggest a dollar amount of damages to the jury."**

Whether counsel should be permitted during opening or closing arguments to suggest a specific dollar figure for the jury to award as non-economic damages is a matter within the Court's discretion.  *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997), *abrogated on other grounds by National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  In the context of this case, the Court agrees with Defendants that permitting counsel to suggest a specific dollar amount for non-economic damages poses too great a risk of undue prejudice.  Even with a jury instruction that counsel's suggestion

is merely argument and not evidence, and even with defense counsel's ability to pose a counter figure, counsel's suggestion may well have an anchoring effect that would unduly sway the jury's independent assessment. Accordingly, counsel is precluded from suggesting a dollar amount of non-economic damages.

**Defendants' Issues To Be Resolved Before Trial**

**1. "The Second Circuit law is that defendants must be allowed to testify and provide other evidence as to impediments and causation."**

See Plaintiffs' Issue No. 3 above, the ruling on which is equally applicable here.

**2. "Plaintiffs must be held to their burden of proof to establish that Defendants faced no impediments to their release and causation."**

See Plaintiffs' Issue No. 3 above, the ruling on which is equally applicable here.

**3. "Plaintiffs must be held to their burden of proof to establish causation."**

See Plaintiffs' Issue No. 3 above, the ruling on which is equally applicable here. With respect to Defendants' suggestion that Crump may be entitled to only nominal damages, the Court already has ruled that Defendants may not advance "argument or testimony that the jury may consider awarding nominal damages or no damages" with respect to Plaintiffs' general damages for loss of liberty. In Limine Order ¶ 8; *see also Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) ("where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, … the plaintiff is entitled to compensatory, not merely nominal, damages").

**4. "Defendants should be allowed to offer evidence that Crump's post-release supervision was imposed by the Fourth Department."**

The Court already resolved this issue against Defendants and in Plaintiffs' favor. (*See* Dkt. 511 at 2-3 (order overruling Defendants' objections to Crump as a class

representative and explaining that "[n]othing in [the Fourth Department's] 2003 decision has any bearing on whether Defendants violated Ms. Crump's constitutional right, as clearly established by *Earley* in 2006, to be free from administratively imposed PRS").)

**5.   "Crump should not be allowed to be awarded duplicative compensation for loss of liberty *per diem* and her individualized damages."**

The Court will instruct the jury about not awarding duplicative damages to the extent warranted.  However, Defendants are incorrect that "Crump's damages for pain and suffering are indistinct from those arising from her alleged loss of liberty."  (Dkt. 516 at 8.)  The Second Circuit held in *Kerman* that damages for loss of liberty (due to wrongful confinement) are separate from other damages for injuries such as "physical harm, embarrassment, or emotional suffering; even absent such other injuries."  374 F.3d at 125.

**6.   "Defendants are entitled to judgment as a matter of law for any time after the post-resentencing initiatives."**

Defendants are not entitled to judgment as a matter of law with respect to the time period that Defendants were engaged in the resentencing process, pursuant to the state legislation enacted in June 2008 to remediate unlawfully imposed PRS.  Defendants' request is essentially another attempt to bring impediments back into trial even though the issue already has been resolved on summary judgment.  In *Vincent*, the Second Circuit held that Defendants' only available option for remedying the due process violation of unlawful administrative imposition of PRS for persons who were not resentenced prior to the maximum date of their determinate sentences was "to excise the terms of the null and void administratively imposed PRS and relieve [the person] of the conditions associated with it."  63 F.3d at 154.  Defendants' argument overlooks that none of the

class members in this case could be legally resentenced due to expiration of their determinate sentence, leaving excision and relief from conditions of PRS as the only option.  Nothing in *Santiago* countenances otherwise.

## Conclusion

The parties shall conform their arguments and evidence to the foregoing rulings. To the extent not set forth above, the Court has considered the parties' arguments and found them to be either moot or without merit.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2026
         New York, New York

Copies transmitted this date to all counsel of record.

6