UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL BETANCES, et al.,                           :
                                                 :          11-CV-3200 (RWL)
                              Plaintiffs,         :
                                                 :          **ORDER:**
                                                 :          **PLAINTIFF CRUMP II**
                  - against -                     :
                                                 :
BRIAN FISCHER, in his capacity as                :
Commissioner of the New York State               :
Department of Correctional Services (DOCS),      :
and in his individual capacity, et al.,          :
                                                 :
                              Defendants.         :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On June 26, 2026, at the Court's request, the parties filed a joint letter addressing the admissibility at trial of the specifics of Plaintiff Crump's criminal history. (Dkt. 520.) That submission focused on admissibility for impeachment purposes under Federal Rule of Evidence 609. The parties and the Court discussed that issue, and other potential bases for the admissibility of Ms. Crump's criminal history, at the pretrial conference held on June 30, 2026. This order summarizes the relevant rulings in that respect.

1.     Not admissible: Evidence or argument concerning Ms. Crump's arrests or convictions for misdemeanors and petty offenses.

2.     Admissible: The fact that Ms. Crump pled guilty to and was convicted of two felonies, assault and burglary.

3.     Admissible: The period of time of incarceration and/or PRS served by Ms. Crump preceding the unlawful imposition of PRS.

4.     Admissible: The nature of Ms. Crump's violation of PRS that led to her reincarceration.

5.      Admissible:  The period of incarceration following Ms. Crump's violation of PRS.

6.      No evidence concerning Ms. Crump's criminal history is admissible for purposes of impeachment to attack Ms. Crump's character for truthfulness under Fed. R. Evid. 609, as more than ten years have passed since the conduct at issue and the probative value does not substantially outweigh its prejudicial effect.  To the contrary, the prejudicial effect substantially outweighs any probative value.

7.      The Court reserves its decision on other aspects of Ms. Crump's criminal history, pending testimony and evidence, if any, presented by Plaintiff at trial on that subject.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2026
         New York, New York

Copies transmitted this date to all counsel of record.

2