UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PAUL BETANCES, et al.,

Plaintiffs,

- against -

BRIAN FISCHER, in his capacity as Commissioner of the New York State Department of Correctional Services (DOCS), and in his individual capacity, et al.,

Defendants.

-------------------------------------------------------------X

11-CV-3200 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Attached are the Court's draft jury instructions and verdict sheet. The Court will discuss any objections of the parties during the next conference.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2026
New York, New York

Copies transmitted this date to all counsel of record.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------X**
**PAUL BETANCES, LLOYD A. BARNES,**
**GABRIEL VELEZ a/k/a GABRIEL BELIZE,**
**Individually and on behalf of all others**
**Similarly situated,**

**Plaintiffs,**

**11 Civ. 3200 (RWL)**

**-against-**

**BRIAN FISCHER, ANTHONY ANNUCCI**
**And TERENCE TRACY,**

**Defendants.**
**-------------------------------------------------------------X**

**JURY INSTRUCTIONS**
**(COURT DRAFT JULY 8, 2026)**

## TABLE OF CONTENTS

A. Pre-Trial Instructions ........ 1

1. Jury Instruction No. 1 (Introduction to the Case) ........ 1
2. Jury Instruction No. 2 (Schedule) ........ 4
3. Jury Instruction No. 3 (Order of Trial) ........ 5
4. Jury Instruction No. 4 (Juror Conduct) ........ 6

B. Pre-Trial (Except No. 5) And Pre-Deliberation Instructions — General ........ 10

5. Jury Instruction No. 5 (Introduction to Deliberations) ........ 10
6. Jury Instruction No. 6 (Impartiality) ........ 11
7. Jury Instruction No. 7 (Jury and Court Function) ........ 12
8. Jury Instruction No. 8 (Evidence) ........ 13
9. Jury Instruction No. 9 (Evidence – Reasonable Inferences) ........ 17
10. Jury Instruction No. 10 (Evidence – Direct and Circumstantial) ........ 18
11. Jury Instruction No. 11 (Credibility and Weight of Evidence) ........ 19
12. Jury Instruction No. 12 (Burden of Proof – Preponderance of Evidence) ........ 22

C. Pre-Deliberation Instructions — Substantive ........ 23

13. Jury Instruction No. 13 (Liability Determined) ........ 23
14. Jury Instruction No. 14 (Compensatory Damages – Generally) ........ 24
15. Jury Instruction No. 15 (Compensatory Damages – Two Types) ........ 25
16. Jury Instruction No. 16 (Compensatory Damages – Loss of Liberty) ........ 26
17. Jury Instruction No. 17 (Compensatory Damages – Individual) ........ 28
18. Jury Instruction No. 18 (Compensatory Damages – Proximate Cause) ........ 29
19. Jury Instruction No. 19 (Compensatory Damages – Mitigation) ........ 30

D. Pre-Deliberation Instructions — Concluding ........ 31

20. Jury Instruction No. 20 (Duty to Deliberate) ........ 31
21. Jury Instruction No. 21 (Foreperson and Return of Verdict) ........ 32

## PRE-TRIAL INSTRUCTIONS

### Jury Instruction No. 1
### (Introduction to the Case)

Members of the jury, we are about to begin the trial of the case that you heard about during jury selection. Before the trial begins, I am going to give you instructions to help you understand what will be presented to you and how you should conduct yourself during the trial. First, I am again going to provide you with a short description of the case. Please listen carefully.

The plaintiff who will testify at trial is Samantha Crump. The case is what we call a class action. Ms. Crump has sued both for herself individually as well as on behalf of other persons who have claims like hers. Ms. Crump is a class representative. As a class representative, Ms. Crump will testify both for herself and on behalf of the other persons in the case that have claims like hers. There are about 3,900 people in the class. I will refer to the members of the class, including Ms. Crump, as either "the plaintiffs," "the class," or "members of the class."

There are three defendants: Anthony Annucci, Brian Fischer, and Terence Tracy. During the time period at issue in this case, Mr. Fischer and Mr. Annucci led the New York State Department of Correctional Services. The third defendant, Terence Tracy, led the New York State Division of Parole. The Department of Correctional Services and the Division of Parole were combined under a single agency called the New York State Department of Corrections and Community Supervision, which also is known by its initials as "DOCCS." Neither New York State nor DOCCS is a defendant in this case.

Ms. Crump and the other members of the class were convicted of felonies, which are crimes punishable by more than one year in prison. Ms. Crump and the other class

members served their time. After serving their time, however, Ms. Crump and the other plaintiffs also were subject to post-release supervision. During the time they were subject to post-release supervision, the class members were limited by various conditions and restrictions on their freedom. In many instances, the class members were incarcerated – that is, sent to prison – for violating the terms of their post-release supervision.

That should not have happened. The post-release supervision to which the class members were subject was not imposed by the trial courts that convicted them. A term of post-release supervision is often imposed by a court at the time a defendant is sentenced. But post-release supervision can only be imposed by the court. For Ms. Crump and other members of the class, their sentencing court did not impose a term of post-release supervision. Instead, the terms of post-release supervision were imposed by DOCCS.

In 2006, a federal court of appeals held that post-release supervision imposed by DOCCS was illegal and violated the constitutional rights of people like the plaintiffs in this case. After that 2006 court ruling, the defendants – Mr. Annucci, Mr. Fischer, and Mr. Tracy – were required to make objectively reasonable efforts to either free people from the post-release supervision that DOCCS illegally imposed on those people or to ask courts to resentence them. For the plaintiffs in this case, however, resentencing was not a constitutionally permissible option. Instead, the only legally available corrective action was to make reasonable efforts to free the plaintiffs from post-release supervision that DOCCS had imposed and from serving time in prison for violating requirements of that post-release supervision.

Earlier in this case, the Court determined that Mr. Annucci, Mr. Fischer, and Mr. Tracy each failed to do what they were required to do; that there were no legal or practical

impediments to their doing so; and that they are each legally responsible for damages caused by their unconstitutional actions or failures to act.

Because the Court already has ruled that Defendants did not comply with the law, the only issue being decided at this trial is damages – that is, the amount of money that should be awarded for the period of time, attributable to Defendants' actions or failures to act, during which Ms. Crump and other members of the class were illegally subject to post-release supervision and/or incarcerated for violating the conditions of that post-release supervision.

You will be asked to consider two types of damages. One type, damages for lost liberty, will apply to all members of the class, including Ms. Crump. Another type of damages will apply only to Ms. Crump individually. I will provide you with instructions about damages [at the end of trial] [after first instructing you on other matters].

**Jury Instruction No. 2**
**(Schedule)**

Let me say a few words about scheduling:

Our trial day will begin at 9:30 a.m. each day and will last until approximately 4:30-5:00 in the afternoon. We generally will break for lunch somewhere between 12:30 and 1:00. I also will try to have a short 10 or 15 minute break both mid-morning and mid-afternoon.

It is essential that you be on time in the mornings and returning from lunch and breaks. We cannot start until all of you are here. If one of you is late, we will have to wait until you arrive. So, I ask that you all arrive on time.

That said, there may be occasions when I will need you to wait before we resume. Each day, there are various matters concerning the trial that I need to discuss with the lawyers. I try to do that before and after trial each day, but sometimes it may be unavoidable that those issues may take up more time than expected. I expect the lawyers to work with me in minimizing any such intrusions into our trial day.

**Jury Instruction No. 3**
**(Order of Trial)**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiffs will present evidence in support of its claim, and the lawyers for the Defendants may cross-examine witnesses called by the Plaintiffs.

After Plaintiffs has presented their case, Defendants may introduce evidence, and the lawyers for Plaintiffs may cross-examine witnesses called by Defendants.

In some instances, Plaintiffs and Defendants may call some of the same witnesses, though these witnesses will generally only be called once, for their convenience and yours.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case. At the end of the trial, you will have to make your decision based on what you recall of the evidence. I urge you to pay close attention to the testimony as it is given.

**Jury Instruction No. 4**
**(Juror Conduct)**

I will now address with you some very important "dos" and "don'ts":

**First,** if you would like, you may take notes during the trial. You have a pad of paper and a pencil or pen for that purpose. Please write your name on the cover. Unless instructed to the contrary, the notepad should be left on your seat anytime you leave the courtroom. Of course, if you prefer not to take notes, that is fine; you are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes and should instead rely on your own recollection of the evidence.

But if you do take notes, remember that any notes you take are for your use only, and they are only to be used as an aid to memory. Your memory controls. If you do take notes, be careful not to get so involved in taking notes that you are not listening to or looking at the evidence. Once you are in deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony or to look at a piece of evidence. The controlling record of the evidence is the official court transcript, not any particular juror's notes.

**Second**, during the course of trial, exhibits will be received into evidence. They will be marked by exhibit number or letter and will be discussed by the witnesses and/or shown to you. If there is an exhibit that you are interested in seeing, you can ask to see the exhibit once you are in deliberations. So, you may find it helpful to write down the exhibit number during trial.

**Third**, you will not be able to ask questions of the witnesses or their attorneys. If you have a problem or a particular need, please let our Courtroom Deputy know.

**Fourth**, from now and all during the trial you are not to communicate about the case with anyone. This means that you cannot discuss the case with your co-jurors until the trial is over and you begin deliberations. Once you do begin deliberations, you may only discuss the case if all jurors are present.

**Fifth**, other than your co-jurors during deliberations, you are not to communicate about the case with anyone (partner, family, friend, or anyone else) until after the jury has reached its verdict and you have been discharged. This prohibition applies to communication in any form, including electronic communication.

You may not post any information on the internet or through any other medium about your participation on this jury or about this trial. That means that you may not use social media or email, post, text, or use any other form of electronic communication to identify the trial, to disclose the identity of any person involved in the trial, or to disclose the nature of the controversy, what occurs in the trial, or what you or others think about the evidence presented.

If you have to tell someone, such as your spouse or your employer that you are serving on a jury and that the trial is expected to last about 5 days, that is okay. But when they inevitably ask you what the case is about, please tell them you are under strict instructions from the judge not to discuss the case. The reason for this is that we want you to decide the case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who has not heard the evidence may think about the case.

If any person asks or tries to contact you about this case, politely but firmly tell them that the judge has ordered you not to do so. If any person does contact you about the case, or if you receive information about the case from any person or through any medium, please provide a note to the Courtroom Deputy, who will pass it on to me.

**Sixth**, while you are serving as jurors, please do not have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevator, outside, or anywhere else. By this, I mean not only to avoid talking about the case; do not talk at all, even to say “good morning” or to acknowledge any of these people. Someone seeing a juror in conversation with a party, lawyer or witness might think that something improper was being discussed even if it wasn’t. To avoid even the appearance of impropriety, avoid any such contact or conversations. Similarly, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude – they are simply following my instructions.

**Seventh**, do not do any research or make any investigation about the case. Do not consult books or dictionaries. Do not visit sites or search on the internet for information about any party, counsel, witness, event or other information concerning this case. Similarly, do not read, watch, or listen to anything reported by the media or press that relates to the case – this includes newspapers, TV, radio, social media, or other internet commentary. And do not search any public records. In the unlikely event you see anything in the media about this case, please turn away and pay no attention to it. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Remember, your sworn oath requires you to limit yourself to the evidence presented in the courtroom.

These rules are intended to assure that jurors remain impartial throughout trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me. If jurors do not comply with these rules, it could result in a new trial involving additional time and significant expense to the parties and the taxpayers.

Finally, do not form an opinion about the case until all the evidence is in. A case can be presented only step-by-step, witness-by-witness, until all the evidence is before you. Keep an open mind throughout trial.

## PRE-TRIAL (Except No. 5) AND PRE-DELIBERATION INSTRUCTIONS—GENERAL

### Jury Instruction No. 5
### (Introduction to Deliberations)

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case, and you then retire for your final deliberations. You have now heard all the evidence introduced by the parties, and through arguments of their attorneys you have learned the conclusions that each party believes should be drawn from the evidence presented to you. This charge is divided into two parts: the first part consists of general principles of law applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case.

**Jury Instruction No. 6**
**(Impartiality)**

A lawsuit is a civilized method of determining differences between people. It is basic to the administration of any system of justice that the decision on both the law and the facts be made fairly and honestly. As jurors, you are here to administer justice according to the law and the evidence. You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against the Plaintiffs or the Defendants.

**Jury Instruction No. 7**
**(Jury and Court Function)**

As jurors, your fundamental duty is to decide, from all the evidence that you have heard and the exhibits that have been submitted, what the facts are. You are the sole, exclusive judges of the facts: you pass judgment upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

On the other hand, and with equal emphasis, you are required to accept the law as it is given to you in this charge and in any charges that I have given to you during the course of the trial. Whether you agree with the law as given to you by me or not, you are bound by it. The process by which you arrive at a verdict is, first, to decide from all of the evidence what the facts are; and second, to apply the law as I give it to you, to the facts as you have decided them to be. The conclusion thus reached will be your verdict.

**Jury Instruction No. 8**
**(Evidence)**

The evidence in this case consists of the following:

1. The sworn **testimony** of the witnesses, regardless of which side called the witness.

2. The evidence includes all **exhibits** received in evidence, regardless of which party offered the exhibit into evidence. Some exhibits are designated as Plaintiffs' exhibits and some as Defendants' exhibits. That is for administrative purposes, and you should not draw any inference from whether an exhibit is identified as Plaintiffs' or Defendants'. Similarly, certain redactions or deletions may have been made in some of the documents entered as exhibits. You should not draw any adverse inference from either party because of these redactions or deletions, nor should you speculate about why they have been redacted.

3. The evidence includes any factual **stipulations** that you must take as true for purposes of this case. A "stipulation" is an agreement between both sides that a particular fact is true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

4. Any facts or events I take **judicial notice** of must also be taken as true for purposes of this case, even though no direct evidence has been introduced proving them to be true. I will let you know if and when I take judicial notice of a fact.

5. **[NOT Applicable - Deposition testimony** may also be received in evidence. A deposition is a proceeding in which lawyers have the opportunity to question a witness under oath before trial. Deposition testimony is transcribed by a court reporter

so that there is a transcript that can be read from. Sometimes the parties will also visually record a deposition. Deposition testimony thus may be read or shown at trial. Deposition testimony may be accepted, or discounted, by you, subject to the same charges that apply to witnesses testifying in open court.**]**

By contrast, certain things are not evidence and may not be considered by you in reaching a verdict. These include the following:

1. Statements and **arguments by the lawyers** are not evidence. The lawyers are not witnesses, and what they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. But if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

2. Second, the **questions asked by the lawyers** are not evidence. Rather, the witnesses' answers are the evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked if the witness if the statement is true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. For example, imagine a lawyer asked the witness: "When did you stop stealing money from the cash register?" You would not be permitted to consider as true the assumed fact that the witness ever stole money from the cash register, unless the witness indicated they had, or unless there was some other evidence in the record that the witness had stolen money from the cash register.

3. Third, **objections by the lawyers** are not evidence. The lawyers have an obligation to make an objection when they believe evidence offered is improper under the

rules of evidence. Relatedly, the Court's ruling on an objection should not influence you. If I sustain the objection, then you should ignore the question asked. If I overrule the objection, then you should treat the answer like any other. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

4. Fourth, the **personalities and conduct of the lawyers** are not in any way in issue. If you formed opinions about the lawyers in the case, favorable or unfavorable, whether you or disapproved of their behavior, those opinions should not enter into your deliberations.

5. Fifth, **testimony that the Court has stricken or told you to disregard** is not evidence and must not be considered. Sometimes evidence may be admissible for limited purposes. If I instruct you that an item of evidence is received for a limited purpose only, you must follow that instruction. Sometimes exhibits may be marked only for identification but not received in evidence and instead used only to refresh the witness's recollection. When that happens, the exhibit is not evidence; only the witness's testimony is evidence.

6. Sixth, **statements and rulings that I may have made** during trial are not evidence. Nothing that I say or do during the course of the trial is intended to indicate, and should not be taken by you as indicating, what your verdict should be. Similarly, you should not draw any inference from the fact that upon occasion I may have asked questions of certain witnesses. Although the witnesses' answers to my questions are evidence, the questions are **[**were**]** intended for clarification or to expedite matters and were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.

7. Seventh, from time to time, the lawyers and I **[**may have**]** **[**had**]** **conferences out of your hearing**. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

8. Eighth, although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate to other jurors any **personal or professional expertise** you might have or other facts not in evidence.

8. Lastly, anything you may have **seen or heard outside the courtroom** is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

**Jury Instruction No. 9**
**(Evidence – Reasonable Inferences)**

You are to consider only the evidence in the case, but in your consideration of the evidence you are not limited to the testimony and exhibits. You are permitted to draw reasonable inferences based on facts that you find have been proved. Inferences are deductions or conclusions that reason and common sense lead you to draw from facts that have been established by the evidence in the case. Inferences are not, however, guesswork made without a reasonable basis in the evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts you find to be proven, any reasonable inferences that you think are justified in light of your common sense and life experiences.

**Jury Instruction No. 10**
**(Evidence - Direct and Circumstantial)**

You are to consider both direct and circumstantial evidence in reaching your verdict. One kind of direct evidence is witnesses' testimony about something they know by virtue of their own senses—something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit—such as what is written in an email or a document.

Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Somebody else then walks in with a raincoat that is also dripping wet. You cannot look outside the courtroom and see whether or not it is raining, so you have no direct evidence of that fact. Yet on the combination of the facts I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that you, the jury, decide the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

**Jury Instruction No. 11**
**(Credibility and Weight of Evidence)**

In deciding what the facts are in this case, you must consider all the evidence that has been offered. But that does not mean you must accept all evidence as true. You must decide which testimony to believe and which testimony not to believe. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You **[**will have**]** **[**have had**]** the opportunity to observe the witnesses. It is your job to decide how believable each witness **[**is**]** **[**was**]** in their testimony. Your determination of the issue of credibility will depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness's testimony. Often it is not what a person says but how they say it that moves us. In making that decision, you may take into account any number of factors, including but not limited to the following:

- The witness's opportunity to see, hear, and know about the events they described;
- The witness's ability to recall and describe those things;
- The witness's manner in testifying – was the witness candid and forthright, or did the witness seem as if they were hiding something or being evasive or suspect in some way;
- How the witness's testimony on direct examination compared with the witness's testimony on cross-examination;
- The reasonableness and probability of the witness's testimony in light of other evidence in the case;

- Whether the witness has any possible bias, any relationship to a party, any hostility towards any party, any motive to testify falsely, or any possible interest in the outcome of the trial;
- Whether a witness's testimony was contradicted by his or her other testimony, the testimony of other witnesses, or other evidence; and
- Whether the witness's testimony conflicts with a prior inconsistent statement made out of court by that witness.

In other words, in deciding credibility you should size up a witness in light of their demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or part, you may disregard the particular part you find to be false or you may disregard the witness's entire testimony as not worthy of belief.

It is entirely within your discretion to judge the credibility of each witness, to weigh the relative truth and falsity of each witness's testimony, and to determine the weight to be given to each witness's testimony as a whole.

**Jury Instruction No. 12**
**(Burden of Proof – Preponderance of the Evidence)**

In making their case for compensatory damages, Ms. Crump and the class have the burden of proof by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence means to prove that fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence – even if that weight is 50.1%. A preponderance of the evidence is based on the quality and persuasiveness of the evidence, not the number of witnesses or documents.

In determining whether a fact has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have offered them.

If you find that the credible evidence on a given issue is evenly divided between the parties – in other words, that it is equally probable that one side is right as it is that the other side is right – or if you find that the evidence produced by the party having the burden of proof is outweighed by evidence against that party's claim, then you must decide that issue against the party having the burden of proof. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof – that what the party claims is more likely true than not true – then the fact will have been proved by a preponderance of the evidence.

As I noted earlier, Ms. Crump and the class have the burden to prove their compensatory damages by a preponderance of the evidence.

Some of you may have heard of proof "beyond a reasonable doubt," which is the standard for criminal trials. That standard does not apply to a civil case such as this, and you should put it out of your mind.

## PRE-DELIBERATION INSTRUCTIONS—SUBSTANTIVE

### Jury Instruction No. 13
### (Liability Determined)

As I explained at the beginning of trial, the court has already determined that each of the three Defendants violated plaintiffs' constitutional rights and is liable to Ms. Crump and other members of the class for failing to terminate their continued conditions of illegally imposed post-release supervision and to terminate their reincarceration for violating terms of that post-release supervision. The only issue for you to determine at this trial concerns compensatory damages caused by Defendants' unconstitutional conduct.

**Jury Instruction No. 14**
**(Compensatory Damages – Generally)**

Under the law, a plaintiff is entitled to recover an amount of money – referred to as compensatory damages – for harm, if any, they have suffered as a result of a defendant's unlawful conduct. The purpose of compensatory damages is to make a plaintiff whole – that is, to compensate them for the injuries caused by a defendant's unlawful conduct. Here, Ms. Crump and the class seek compensation for harm caused by the Defendants' violation of their constitutional rights.

In determining any award of damages, you are to use your sound discretion, drawing reasonable inferences where you deem appropriate from the facts and circumstances presented at trial. Damages must not be based on speculation or sympathy. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. At the same time, damages need not be proved with mathematical precision; reasonable approximations will suffice.

**Jury Instruction No. 15**
**(Compensatory Damages – Two Types)**

You are to consider two categories of compensatory damages. The first category is for loss of freedom during the period that, because of Defendants' actions or inactions, an individual plaintiff was either subject to the conditions and restrictions of unlawful post-release supervision, and/or subject to incarceration for violating the conditions of that post-release supervision. This first category – loss of liberty damages – will be determined by you for the entire class of plaintiffs, not just Ms. Crump. As I instructed earlier, Ms. Crump is a representative of the class and therefore represents the class for determining loss of liberty damages.

The second category of compensatory damages you will consider is compensation for harm, if any, other than loss of liberty, and will be determined solely for Ms. Crump individually. I will explain each of the two categories separately.

**Jury Instruction No. 16**
**(Compensatory Damages – Loss of Liberty)**

The first category of damages for you to consider is compensatory damages for loss of liberty. This category generally refers to the value of the freedom plaintiffs lost due to Defendants' failure to release the class members from unlawful post-release supervision and from incarceration for violating the conditions of that post-release supervision. By law, Ms. Crump and the class plaintiffs are entitled to damages for loss of liberty caused by Defendants. Any monetary damages you award for loss of liberty must be fair and reasonable, not de minimis or trivial.

Your determination of compensatory damages for loss of liberty must not include damages for losses other than loss of liberty. You thus should not include in your damages for loss of liberty award any damages for (1) pain and suffering; (2) emotional distress; (3) loss of income; or (4) any loss or damage other than lost liberty.

For loss of liberty damages you will make two factual determinations. First, you will determine the amount of money to fairly and justly compensate a single member of the class for one day of lost liberty caused by Defendants' failure to release the class member from unlawful post-release supervision and from incarceration for violating the conditions of that post-release supervision. Second, you will determine the amount of money to fairly and justly compensate a single member of the class for one day of lost liberty caused by Defendants' failure to release the class member from unlawful post-release supervision and from incarceration for violating the conditions of that post-release supervision.

The reason you are being asked to determine damages for a single day for a single member of the class is because the individual members of the class experienced unlawful

loss of liberty for different amounts of time. Some individuals, for example, may have been subject to one day of unlawful post-release supervision or one day of incarceration for violating the conditions of that unlawful post-release supervision. As another example, other individuals may have been subject to hundreds of days of unlawful post-release supervision or hundreds of days of incarceration for violating the conditions of that unlawful post-release supervision.

Using the monetary amount you determine for one day of lost liberty for a single member of the class, the Court will later multiply that amount by the number of days for which each member of the class, including Ms. Crump, was subject to loss of liberty due to Defendants' failure to release them from the restrictions of unlawful post-release supervision and/or incarceration for violating the terms of that unlawful post-release supervision. In other words, using whatever amount of money you may find as the daily damages for lost liberty for a single class member, each member of the class will receive damages proportional to the number of days their freedom was restricted as a result of Defendants' unconstitutional conduct.

Although valuing loss of liberty may be difficult, your determination can be guided by your common sense and by the principle that each person's liberty has value, no matter what their individual experience is. It is your obligation as the finders of fact to determine, as best you can, monetary damages for lost liberty caused by Defendants' failure to release the class members from unlawful post-release supervision and from incarceration for violating the conditions of that post-release supervision.

**Jury Instruction No. 17**
**(Compensatory Damages – Individual)**

Separate from loss of liberty, you are to determine whether Ms. Crump suffered any additional injury caused by Defendants' failure to terminate her unlawful post-release supervision and incarceration for violating the conditions of that post-release supervision. In Ms. Crump's case, such injuries other than loss of liberty may include **[financial loss, pain, suffering, and/or emotional distress (depending on proof at trial)]**. If you find that Ms. Crump incurred such injuries as the result of Defendants' unlawful conduct, then you must determine the amount, if any, of compensatory damages she should be awarded. Again, these damages must be separate and distinct from Ms. Crump's loss of liberty damages. You must not award duplicative monetary damages for the same injury. You may, however, award compensatory damages for injuries that are separate from loss of liberty and were caused by Defendants' unlawful conduct. If you determine that Ms. Crump is entitled to recover compensatory damages for injury other than loss of liberty, those additional damages will be awarded to her only and will not be awarded to any other member of the class.

**Jury Instruction No. 18**
**(Compensatory Damages – Proximate Cause)**

You have heard me use the term "cause" or "caused." To determine whether Ms. Crump's injuries were caused by Defendants illegal actions or failures to act, Ms. Crump must show by a preponderance of the evidence that Defendants' illegal actions or failure to act proximately caused her injuries. An act or failure to act is a proximate cause if it was a substantial factor in bringing about or actually causing injury and the injury was a reasonably foreseeable consequence of the defendant's acts or omissions. There may be more than one proximate cause for the same injury.

The Court already has found that Defendants' failures to release class members from unlawful supervised-release and from incarceration for violation of the conditions of that supervised release were a proximate cause of Plaintiffs' lost liberty. Accordingly, you are not being asked to determine whether Defendants' unlawful conduct was a proximate cause of Plaintiffs' lost liberty. Instead, you need only determine the amount of damages for that loss of liberty.

However, if you find that Ms. Crump incurred other injuries in addition to lost liberty, you may not award her damages for those other injuries unless you find that Defendants' unlawful actions or failures to act were a proximate cause of those other injuries.

**Jury Instruction No. 19**
**(Compensatory Damages – Mitigation)**

**[If warranted based on proof at trial:]** If you find that Ms. Crump incurred individual damages separate from loss of liberty, you must determine whether Ms. Crump failed to mitigate her individual damages. Mitigation refers to making reasonable efforts to reduce or avoid the severity of damages. The law imposes on injured parties a requirement to mitigate their damages. The duty to mitigate requires reasonable efforts by the injured party to take such affirmative steps as are reasonable in the circumstances to avoid loss after that person has been injured.

Here, you must determine whether Ms. Crump reasonably could have done, but failed to do, something to lessen the harm she suffered individually after she was subject to unlawfully imposed post-release supervision and after she was incarcerated for violating the terms of that post-release supervision. It is the Defendants' burden to establish by a preponderance of the evidence that Ms. Crump failed to mitigate her damages. If the Defendants prove by a preponderance of the evidence that Ms. Crump could reasonably have reduced her damages after she was injured but failed to do so, then Ms. Crump would be entitled only to damages sufficient to compensate her for the injury she would have suffered if she had taken reasonable action to reduce the harm done to her.

The mitigation defense asserted by Defendants applies only to Ms. Crump's individual claim for damages. The mitigation defense does not apply to her class claim for damages for lost liberty. Accordingly, in awarding damages for loss of liberty, you should not consider the duty to mitigate damages.

## PRE-DELIBERATION INSTRUCTIONS—CONCLUDING

### Jury Instruction No. 20
### (Duty to Deliberate)

You are about to go into the jury room and begin your deliberations. It is your duty as jurors to consult with one another and to deliberate with a view to reaching agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. You should not hesitate to change an opinion when you are convinced that it is wrong. Your verdict must be unanimous on each and every question that you must decide. However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion that in your good conscience appears to be in accordance with the truth.

You may discuss the case only when all of you are present in the jury room. If only some of you are present, the jury is not fully formed and cannot deliberate.

In the jury room, you will have access the trial exhibits. If you want any witness testimony read back, you may also request that. Please remember that it is not always easy to locate what you might want, so try to be as specific as you possibly can in making your request.

Your requests for testimony—or any other communication with the Court—should be made to me in writing, signed by your foreperson along with the date and time, and given to one of the United States Marshals. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Jury Instruction No. 21**
**(Foreperson and Return of Verdict)**

When you retire, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you in open court.

I have prepared a special verdict form for you to use in recording your decision. The verdict form is made up of questions concerning the issues for you to decide in this case. No inference is to be drawn from the way the verdict form is worded as to what the answers should be. The questions are not to be taken as any indication that I have any opinion as to how the questions should be answered.

I will now review with you the questions and instructions on the verdict form. **[Explain Verdict Form]**.

Before the jury attempts to answer any question on the verdict form, you should read through the entire verdict form, and make sure that everyone understands the questions. Before answering the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions being answered. When you have considered the questions thoroughly, and the evidence relating to those questions, you are to record your answers on the verdict form. Remember, each answer must be agreed upon by all of you.

After you have reached a verdict, your foreperson will fill in the verdict form, sign and date it, and advise the United States Marshal outside your door that you are ready to return to the courtroom. Upon your return, the verdict will be announced in open court.

Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse: treat each other with courtesy and respect during your deliberations. And see that justice is done, all in accordance with your oath as jurors.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**------------------------------------------------------------X**
**PAUL BETANCES, LLOYD A. BARNES, GABRIEL VELEZ a/k/a GABRIEL BELIZE, Individually and on behalf of all others Similarly situated,**

**Plaintiffs,**

**-against-**

**11 Civ. 3200 (RWL)**

**BRIAN FISCHER, ANTHONY ANNUCCI And TERENCE TRACY,**

**Defendants.**
**------------------------------------------------------------X**

**JURY VERDICT FORM (COURT DRAFT JULY 8, 2026)**

The jury must answer these questions based on the evidence and the Court's instructions on the law. All jurors must agree on the answer to each question.

1. What amount of compensatory damages do you award to each single class member for one day of lost liberty caused by Defendants' failure to take reasonable steps to terminate the member's unlawful post-release supervision?

$________________________________________________________

2. What amount of compensatory damages do you award to each single class member for one day of lost liberty caused by Defendants' failure to take reasonable steps to terminate the member's incarceration for violation of the conditions of unlawful post-release supervision?

$________________________________________________________

3. What amount of compensatory damages, if any, do you award to Ms. Crump individually for harm – other than loss of liberty – proximately caused by Defendants' failure to take reasonable steps to terminate Ms. Crump's unlawfully imposed post-release supervision and her incarceration for violating the conditions of that post-release supervision? Any such damages must not include damages for lost liberty.

$________________________________________________

Foreperson, please sign and date this Jury Verdict Form and advise the Court by note that you have reached a verdict and are ready to return to the courtroom to announce it.

Dated: New York, New York
July ___, 2026

______________________________
FOREPERSON