UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BETANCES, et al., Plaintiffs, - against - BRIAN FISCHER, in his capacity as Commissioner of the New York State Department of Correctional Services (DOCS), and in his individual capacity, et al., Defendants. | 11-CV-3200 (RWL) **ORDER: <u>CRUMP III</u>** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the parties' submissions about whether Samantha Crump is a member of the Sentencing Minutes subclass.

On August 16, 2024, the Court issued a decision granting Plaintiffs' motion to reconsider decertification of the class. *Betances v. Fischer*, No. 11-CV-3200, 2024 WL 3848485 (S.D.N.Y. Aug. 16, 2024). In that decision, the Court recognized a Sentencing Minutes subclass as a case management measure pursuant to Federal Rule of Civil Procedure 23(c)(5). *Id.* at *7. The Court found that it was not necessary to formally certify the subclass, but that it would be "appropriate and salutary" to add a Sentencing Minutes member as a named Plaintiff. *Id.* The Court directed Plaintiffs to identify such a member and make them available for discovery. *Id.* Plaintiffs did so, identifying Samantha Crump.

After completing discovery about Ms. Crump, Defendants objected to her standing and whether she met the requirements for typicality and adequacy. (Dkt. 504.) Following briefing on the issue, the Court overruled Defendants' objection on June 5, 2026. (Dkt.

511.) The Court found that Ms. Crump had standing and met both the typicality and adequacy requirements. (*Id.* at 2.)

In advance of trial, scheduled to begin on July 14, 2026, the Court asked the parties to identify and argue any issues that needed resolution before trial. (Dkt. 506.) The parties did so, filing a joint submission on June 16, 2026. (Dkt. 516.) Among other issues, Defendants identified two specific issues relating to Ms. Crump: whether the Appellate Division's decision on her state appeal should be admitted as evidence, and whether Crump should be awarded duplicative damages. (*Id.* at 7-9.) Defendants also generally re-cycled issues that the Court already had resolved. (*See id*. at 6-7 (asserting that Plaintiffs must be held to their burden of proof that Defendants faced no impediments to release of Plaintiffs, and asserting that Plaintiffs must be held to their burden of proof of causation).) On June 22, 2026, the Court issued its decision resolving the pre-trial issues, including those issues Defendants specifically raised about Ms. Crump. (Dkt. 517.)

On June 30, 2026, the Court held a final pretrial conference with the parties. For the first time, Defendants suggested that Ms. Crump may not be a member of the Sentencing Minutes subclass. Plaintiffs argued in response, and the Court requested letter briefs from the parties, which they filed on July 7, 2026. In their submission, Defendants contend that Ms. Crump is not a member of the Sentencing Minutes subclass because there is evidence that DOCS did not have possession of her sentencing minutes at the relevant time. (Dkt. 532 at 1-2.) Plaintiffs argue otherwise, and also emphasize the eleventh-hour timing of Defendants suddenly raising the issue for the first time at the final pretrial conference. (Dkt. 531.)

The Court deems Defendants' argument forfeited. Defendants could and should have raised the issue of whether Ms. Crump was a member of the Sentencing Minutes subclass at the time they filed their objections to Ms. Crump. They did not do so. To the contrary, Defendants challenged Ms. Crump on specific grounds without at all suggesting that DOCS did not have her sentencing minutes at the relevant time. Likewise, Defendants did not raise any such argument in their letter briefing that was supposed to identify any remaining pre-trial issues.

In its best light, Defendants' challenge to Ms. Crump based on when DOCS first possessed the sentencing minutes is a request for reconsideration of the Court's June 6, 2026 order overruling Defendants' objections to Crump. But having first raised its new argument on June 30, 2026, well more than two weeks after the Court's order, the argument is precluded. *See, e.g.*, *Floyd v. City of New York*, 813 F. Supp.2d 457, 464 (S.D.N.Y. 2011) ("[SDNY] Local Rule 6.3 requires litigants to bring motions for reconsideration within fourteen days of the initial determination, unless otherwise provided by the Court"); *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F. Supp.3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion").

Defendants' argument also is precluded because it could have been, but was not, raised by Defendants when they filed their objections to Crump. *See*, *e.g., Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (stating that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple") (internal quotation marks omitted); *Nypl v. JP Morgan Chase & Co.*, No. 15-CV-

9300, 2020 WL 3483633, at *3 (S.D.N.Y. June 26, 2020) (treating newly raised arguments as motion for reconsideration even though not framed as such and finding that "Plaintiffs forfeited the newly raised arguments by not timely raising them in the first instance").

But even if the Court were to consider the issue timely raised, it would not prevent Ms. Crump from proceeding to trial as a class representative. First, Defendants have not suggested that Ms. Crump's sentencing minutes were not readily ***available*** to them at the relevant time, even if they were not yet in their possession. Defendants were obligated to make reasonable efforts to excise Ms. Crump's unlawfully imposed post-release supervision ("PRS") and release her from its restrictions and the consequences of violating those restrictions. Even if with reasonable effort it would have taken Defendants some period of time to obtain the sentencing minutes, there would still be a period of time, albeit potentially shorter, during which Ms. Crump remained on unlawfully imposed PRS or was incarcerated for violating the conditions of that PRS as a result of Defendants' failure to make reasonable efforts to release her. Ms. Crump thus retains standing and remains a typical and adequate class representative for all class members with respect to determining a per-day damages amount for loss of liberty. Second, the Court formulated the Sentencing Minutes subclass as a case-management tool, and expressly found that certifying such subclass was unnecessary. While the Court found it "appropriate and salutary" to identify and name a member of that informal subclass, the formal requirements of typicality and adequacy do not apply.

In short, the issue of when DOCS first possessed Ms. Crump's sentencing minutes, as belatedly raised by Defendants, is not an impediment to proceeding with trial

on damages for loss of liberty. To the extent not set forth above, the Court has considered Defendants' arguments and found them to be either moot or without merit.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 10, 2026
New York, New York

Copies transmitted this date to all counsel of record.