UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BETANCES, et al.,<br><br>Plaintiffs,<br><br>- against -<br><br>BRIAN FISCHER, in his capacity as Commissioner of the New York State Department of Correctional Services (DOCS), and in his individual capacity, et al.,<br><br>Defendants. | 11-CV-3200 (RWL)<br><br>**ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Defendants' objections to the Court's draft voir dire of the jury panel. Plaintiffs have not filed any objections. Defendants have not objected to any of the voir dire questions. They have, however, objected to certain aspects of the brief statement of the case preceding the questions. In general, most of Defendants' objections seek to resurrect issues previously resolved by the Court, and propose additions that would bog down for purposes of voir dire what should be a brief, general description of the case. Further specifics about the case will be provided in introductory instructions to the selected jurors and/or at trial. With respect to Defendants' specific objections:

1. The Court agrees that it is appropriate for purposes of voir dire to identify Ms. Crump and the other members of the class as persons convicted of criminal conduct. Doing so will make for a more effective voir dire to assess potential bias and will provide context and balance for description of the Defendants' titles. There is no need, however,

for purposes of voir dire to refer to felonies; that will be done in introductory instructions to the selected jurors and/or at trial. The objection is sustained as modified.

2. For purposes of voir dire, the Court agrees that identifying Defendants' titles and eliminating potential ambiguity of the word "led" is warranted. The objection is sustained, and the Court will specify the titles held by the Defendants.

3. The Court will remove the reference to DOCCS; the Court agrees it is extraneous for purposes of voir dire. This objection is sustained.

4. The objection to references to violation of the Plaintiffs' "constitutional rights" is overruled. For purposes of voir dire, a general reference to violation of "constitutional rights" is accurate and not misleading, and a more detailed description will be provided in the introductory instructions to the selected jurors.

5. The objection to insufficient context is overruled. The Court will provide a more detailed description in the introductory instructions to the selected jurors. Additionally, Defendants continue to attempt to re-inject issues already decided on summary judgment, and introduce facts that the Court has already ruled are irrelevant and/or substantially outweighed by prejudice for purposes of trial.

6. Plaintiffs do not seek damages for periods of time before August 31, 2006, or prior to expiration of their determinate sentences. There is no need to address in voir dire the extent to which Plaintiffs may have been subject to post-release supervision during other periods (although at trial the parties may address Ms. Crump's previous familiarity with post-release supervision). The objection is overruled.

7. The issue raised by Defendants regarding whether Ms. Crump is a "member of the class at all" is the subject of a separate order. The objection is overruled.

8. The objection to absence of the word “any” in the statement about what the jury will be asked to do with respect to determining damages is overruled. As has been previously ruled, at the very least, class members are entitled to a non-zero (and non-nominal) award of damages for loss of liberty.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 10, 2026
New York, New York

Copies transmitted this date to all counsel of record.