UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | |
|---|---|
| PAUL BETANCES, et al.,<br><br>Plaintiffs,<br><br>- against -<br><br>BRIAN FISCHER, in his capacity as Commissioner of the New York State Department of Correctional Services (DOCS), and in his individual capacity, et al.,<br><br>Defendants. | 11-CV-3200 (RWL)<br><br>**ORDER** |

---------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Following the pretrial conference held on July 10, 2026, and having considered the parties' arguments, the Court has revised Jury Instruction No. 1, a copy of which is attached. In addition to revisions made to address specific issues discussed, the Court also has edited the instruction for accuracy and clarity.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2026
New York, New York

Copies transmitted this date to all counsel of record.

## PRE-TRIAL INSTRUCTIONS

### Jury Instruction No. 1 [REVISED JULY 13, 2026]
### (Introduction to the Case)

Members of the jury, we are about to begin the trial of the case that you heard about during jury selection. Before the trial begins, I am going to give you instructions to help you understand what will be presented to you and how you should conduct yourself during the trial. First, I will provide you with a short description of the case. Although I gave you some of the same description before jury selection, the description I am about to provide includes more information. So please listen carefully.

The plaintiff who will testify at trial is Samantha Crump. The case is what we call a class action. Ms. Crump has sued both for herself individually as well as on behalf of other persons who have claims like hers. Ms. Crump is a class representative. As a class representative, Ms. Crump will testify both for herself and on behalf of the other persons in the case that have claims like hers. There are about 3,900 people in the class. I will refer to the members of the class, including Ms. Crump, as either "the plaintiffs," "the class," or "members of the class."

There are three defendants: Anthony Annucci, Brian Fischer, and Terence Tracy. For times relevant to this case, Mr. Fischer was the Commissioner of the New York State Department of Correctional Services, also known by its initials as DOCS. Mr. Annucci was the Deputy Commissioner and Counsel of DOCS. The third defendant, Terence Tracy, was Counsel to the New York State Division of Parole. Neither New York State nor DOCS nor the Division of Parol is a defendant in this case.

Ms. Crump and the other members of the class were convicted of felonies, which are crimes punishable by more than one year in prison. Ms. Crump and the other class

members served their time. After serving their time, however, Ms. Crump and the other class members also were subjected to conditions of post-release supervision enforced by the Division of Parole. During the time they were subject to post-release supervision, the class members were limited by various restrictions on their freedom. In many instances, the class members were incarcerated – that is, sent to prison – for violating the conditions of their post-release supervision.

That should not have happened. The post-release supervision imposed on Ms. Crump and the other class members was not imposed by the trial courts that sentenced them. Under state law at the time, judges were supposed to include a period of post-release supervision as part of a felony sentence. However, the sentencing judges for Ms. Crump and other class members did not impose a term of post-release supervision. Instead, DOCS imposed the terms of post-release supervision, and the Division of Parole enforced those terms.

In 2006, a federal court of appeals held that post-release supervision imposed by DOCS was illegal and violated the constitutional rights of people like the plaintiffs in this case. After that court ruling, the defendants – Mr. Annucci, Mr. Fischer, and Mr. Tracy – were required to make objectively reasonable efforts to either free people from the post-release supervision that DOCS illegally imposed or to ask courts to resentence them. For the plaintiffs in this case, however, resentencing was not a constitutionally permissible option. Instead, the only constitutional corrective action was to make reasonable efforts to free the plaintiffs from the post-release supervision that DOCS had imposed and from serving time in prison for violating requirements of that post-release supervision.

Earlier in this case, the Court determined that Mr. Annucci, Mr. Fischer, and Mr. Tracy each failed to make the reasonable efforts they were required to take, and that they

are each legally responsible for damages caused by their failures to make the reasonable efforts required of them after September 1, 2006.

Because the Court already has ruled that Defendants did not comply with the law, the only issue being decided at this trial is damages – that is, the amount of money that should be awarded to compensate plaintiffs for harm caused by Defendants' failure to make reasonable efforts to free plaintiffs from unlawful post-release supervision and incarceration for violating the terms of that post-release supervision.

You will be asked to consider two types of damages. One type, damages for lost liberty, will apply to all members of the class, including Ms. Crump. Another type of damages will apply only to Ms. Crump individually. I will provide you with instructions about damages [at the end of trial] [after first instructing you on other matters].