UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BETANCES, et al.,<br><br>Plaintiffs,<br><br>- against -<br><br>BRIAN FISCHER, in his capacity as Commissioner of the New York State Department of Correctional Services (DOCS), and in his individual capacity, et al.,<br><br>Defendants. | 11-CV-3200 (RWL)<br><br>**ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Defendants' eleventh-hour proximate-cause argument premised on intervening or superseding cause.

The case is a civil rights class action under 28 U.S.C. § 1983. The class is composed of persons subject to (and in many instances incarcerated for violating) terms of post-release supervision ("PRS") imposed by the New York State Department of Corrections ("DOCS") instead of the courts that sentenced them. In 2006, the Second Circuit held that PRS administratively imposed by DOCS violated the constitutional right to due process. *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006), *cert. denied*, 551 U.S. 1159 (2007). In 2015, Judge Scheindlin granted summary judgment in favor of the class, finding each of the three Defendants liable for failing to make objectively reasonable efforts to relieve class members from unlawful PRS in the wake of *Earley*. *Betances v. Fischer*, 144 F. Supp.3d 441 (S.D.N.Y. 2015), *aff'd*, 837 F.2d 162 (2d Cir. 2015).

After fifteen years from when this case was filed, trial on damages is scheduled to begin on July 14, 2026. The jury will determine class-wide damages (based on a daily value) for loss of liberty, and individual additional damages for plaintiff Samantha Crump. In advance of trial, the Court asked the parties to identify and argue any issues that needed resolution before trial. (Dkt. 506.) The parties did so, filing a joint submission on June 16, 2026. (Dkt. 516.) On June 22, 2026, the Court issued its decision resolving the pre-trial issues. (Dkt. 517.) Neither party filed for reconsideration. Yet in a letter dated June 29, 2026 – only one day before the final pretrial conference – Defendants for the first time sought to make a proffer of facts at trial that, Defendants contend, "are directly relevant and material to whether Defendants proximately caused any PRS term that [plaintiff] Ms. Crump served during the period of liability." (Dkt. 523 at 1-2.) At the final pretrial conference on June 30, 2026, defense counsel elaborated and posited a theory of intervening or superseding cause. The issue was further discussed at continuation of the final pretrial conference on July 9 and 10, 2026. At the conference on July 10, 2026, the Court denied Defendants' application and excluded related evidence and arguments. The Court briefly explained its reasoning on the record but expands on it here.

Defendants argue that some unidentified person within DOCS failed to amend paperwork to reflect that Ms. Crump's term of unlawful PRS should have been three years instead of five years. Absent that clerical error, Defendants argue, Ms. Crump would have been released from PRS in or about September 2006, and would have incurred, at most, only brief additional time on unconstitutionally imposed supervised PRS. As Defendants would have it, that purported clerical error was a superseding cause displacing

Defendants' legal responsibility for Ms. Crump's damages for loss of liberty and other harm.

An event is a superseding cause if it is "the sole proximate cause of the injuries incurred." *Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp.2d 241, 256 (S.D.N.Y. 2001); *see also In re State Street Bank & Trust Co. Fixed Income Funds Investment Litigation*, 772 F. Supp.2d 519, 546 (S.D.N.Y. 2011) ("the actor whose actions are the superseding cause are deemed the 'sole proximate cause' of the injury at stake") (quoting *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 840 (1996)). An intervening, or superseding, cause "'must be a new and independent force, which was not set in motion by the defendant's own wrongful acts, and must rise to such a level of culpability as to replace the defendant's negligence as the legal cause.'" *Martin v. City of New York*, 793 F. Supp.2d 583, 586 (E.D.N.Y. 2011) (quoting *Zahrey v. City of New York*, No. 98-CV-4546, 2009 WL 1024261, at *4 (S.D.N.Y. Apr. 15, 2009)). "Even if a Section 1983 defendant's 'initial act is the 'but for' cause of some ultimate harm (i.e., the harm would not have happened but for the initial act) [they are] not legally liable for the harm if an intervening act is a 'superseding cause' that breaks the legal chain of proximate cause.'" *Deskovic v. City of Peekskill*, 673 F. Supp.2d 154, 161 (S.D.N.Y. 2009) (quoting *Higazy v. Templeton*, 505 F.3d 161, 181 (2d Cir. 2007)).

Defendants' superseding cause argument is specious. Defendants have been held liable on summary judgment for failing to make reasonable efforts beginning in September 2006, as required by *Earley*, to relieve persons of unlawful PRS or incarceration for violating unlawful PRS. Any clerical error in denoting the duration of Ms. Crump's unlawful PRS occurred well ***before*** 2006. The wrongful conduct (of lack of

conduct) for which the three Defendants are liable did not begin until September 2006 – years after any clerical error. In other words, the purported clerical error ***preceded*** the start of the period of Defendants' liability and therefore could not have broken the legal chain of proximate cause. *See In re September 11 Litigation*, 621 F. Supp.2d 131, 147 (S.D.N.Y. 2009) (holding that "any government negligence did not break the causal nexus arising from the negligence of the [Defendants]; it preceded that negligence" and therefore could not be a superseding cause) (internal quotation marks omitted).

That some clerical error may have allowed unlawful PRS to extend for a longer time than it otherwise should have is beside the point. Ms. Crump was subject to unlawful PRS at the time Defendants' legal obligation arose. If, in the wake of *Earley*, Defendants had made reasonable efforts to excise Ms. Crump's unlawful PRS, as they should have, Ms. Crump's period of lost liberty and injury would have been shortened. Defendants' eleventh-hour attempt to bring in evidence germane to their new clerical error theory is denied, and no evidence or argument of that theory shall be made at trial.

SO ORDERED.



ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2026
New York, New York

Copies transmitted this date to all counsel of record.